THE `GLOBE MARBLE MILLS COMPANY, Respondent, *v.* PATRICK H. QUINN, Appellant.

One who derives title to demised premises, while the tenancy is subsisting, under a mortgage executed by the lessor subsequent to the lease, occupies the position of the lessor ; and, unless the lessee by some act or omission on his part after the execution of the mortgage has lost his rights, machinery placed by him upon the premises, which, as between him and the lessor, would be considered as personal property, will be so considered as between him and the one deriving title under the mortgage, although the machinery is so annexed that, as between vendor and vendee, it would be part of the realty.

Where, under a provision of a lease, entitling him so to do, the lessee purchased and received a conveyance after the execution of a mortgage by the lessor, *held*, that while the estate for years under the lease was merged in the fee, machinery placed by the lessee upon the premises and annexed thereto before the conveyance, did not, by operation of law, and in the absence of any evidence of an intent on the part of the lessee, become part of the realty, and was not merged, as the ownership thereof was separate and independent from the interest under the lease, and was not derived from the lessor.

(Argued December 10, 1878 ; decided January 21, 1879.)

APPEAL from judgment of the General Term of the City

Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover damages for the alleged conversion of certain machinery and fixtures, tools, etc.

The referee found, substantially, the following facts :

One John Doherty, being the owner in fee of premises, situate in the city of Brooklyn, on the 1st day of October, 1868, leased the same to Ronald McDonald for a term of ten years, the said premises being vacant and unimproved lots ; said lease contained a covenant of sale to the lessee or his assigns. The lease was assigned by McDonald to the plaintiff. The plaintiff erected a mill thereon, and the requisite machinery was put therein while they held the said premises as leasehold property On the 1st day of November, 1870, Doherty conveyed to Patrick F. O'Brien the fee of said premises, subject to said lease, and also subject to a mortgage of $8,000 made by him. On the 18th day of March, 1871, O'Brien conveyed the premises to the plaintiff, subject to all incumbrances. The said mortgage was foreclosed and the premises sold and were struck off to McDonald. The attorney of the plaintiff was present at the foreclosure sale, and at the time the property was put up for sale gave notice that the boilers, engines, saw-gangs and other machinery there were claimed by plaintiff as personal property, and did not go with the sale of the real estate. Defendant claimed title under the purchaser at the foreclosure sale.

*D. P. Barnard,* for appellant. When plaintiff became owner of the fee its rights as tenant were merged in the fee and the mill and machinery thereby became real property. (*Miller* v. *Plumb,* 6, Cow., 665; *Walker* v. *Sherman,* 20 Wend.; 636; *Sedeker* v. *Waring,* 12 N. Y., 170; *Tifft* v. *Horton,* 53 id., 377, 380.) As soon as plaintiff became owner of the premises its estate as tenant terminated by merger and its term was gone. (4 Kent's Com., 99; Burgham on Real Estate, 267; *Nellis* v. *Lathrop,* 22 Wend., 121,

123.)   As soon as plaintiff became owner of the fee whatever fixtures on the premises would pass with the estate as between vendor and vendee, and mortgagor and mortgagee, became a part of the real estate.   (*Elwes* v. *Man*, 1 Smith's Lead. Cas.; *Lougham* v. *Ross*, 43 N. Y., 792; *Brooks* v. *Galstee*, 51 Barb., 196.)

*Richard O'Gorman*, for respondent.   The intention with which the machinery was put up is the controlling test as to whether it became a part of the realty.  (*McRae* v. *Cent. B'k*, 66 N. Y., 497; *Tifft* v. *Horton*, 53 id., 377, 380–382; *Xensey* v. *Bailey*, 9 Hun, 452, 455; *Potter* v. *Cromwell*, 40 N. Y., 287, 297; *Murdock* v. *Gifford*, 18 id., 28, 31; *Vorhies* v. *McGinnis*, 48 id., 278; *Hill* v. *Wentworth*, 28 Vt., 24; *Hoyle* v. *Platts. R. R.*, 51 Barb., 63; *Murdock* v. *Harris*, 20 id., 407; Tyler on Fixtures, 114–128; *Otumwa* v. *Hawley* [Iowa], 3 Weekly Dig., 438; *Stockwell* v. *Campbell*, 39 Conn., 302; 11 Alb. L. J., 4; *Seeger* v. *Pettit* [Penn.], id., 151.)   All things annexed to the freehold or to any building for the purpose of trade or manufacture, and not fixed into the wall of a house so as to be essential to its support are regarded as personalty.  (2 R. S., 83, 84; *Miller* v. *Plumb*, 6 Cow., 666; *Walker* v. *Thomson*, 20 Wend., 636, 654; *Farrar* v. *Chauvette*, 5 Den., 527, 531; *Murdock* v. *Gifford*, 18 N. Y., 28, 32; *Voorhies* v. *McGinnis*, 48 id., 278, 285; 2 Kent's Com., 343.)

ANDREWS, J.   Assuming that there was such an annexation of the machinery placed by the plaintiff in the mill, on the premises now owned by the defendant, as would, within the general rule of law, and as between vendor and vendee, make it a part of the realty, the fact that the plaintiff was lessee at the time the annexation was made, preserved its character as personal property, and the lessee could have removed it at any time during the existence of the tenancy.

The defendant, who has derived title to the real estate under a mortgage executed by the lessor, subsequent to the

lease, and while the tenancy was subsisting, occupies the position of the lessor; and unless the plaintiff, by some act or omission after the mortgage was executed, has lost the right to treat the machinery as personal property, so that it passed to the purchaser, on the foreclosure, as a part of the realty, the right of action is maintained. (*Mott* v. *Palmer*, 1 N. Y., 564; *Ford* v. *Cobb*, 20 id., 344; *Tifft* v. *Horton*, 53 id., 377.) The conversion of the machinery from personal to real property is claimed to have resulted, from the purchase by and the conveyance to the plaintiff of the fee of the land, under the provisions of the lease, after the execution of the mortgage and prior to the foreclosure. The estate for years merged in the fee. As a consequence of the union of the two estates in the same person, the lesser estate was, by the technical but well-settled rule of the common law, extinguished. But the consequence claimed, that the machinery became *eo instanti* by operation of law, a part of the realty, upon the acquisition by the plaintiff of the fee of the land to which the machinery was attached, does not, we think, follow.

The estate which the plaintiff had as lessee merged in the estate in fee. But the ownership of the chattels, which was vested in the plaintiff before the conveyance of the land, was separate from and independent of its interest under the lease, and was not derived from the lessor. The chattels were not a part of the inheritance. This ownership was not merged, because it was not an interest carved out of the fee; and the doctrine of merger does not apply. If the plaintiff, after it acquired the fee, had mortgaged or conveyed the land, all that was comprehended within the designation of land would pass, and quite a different question would be presented. In this case, the express and presumed intention of the plaintiff, when the machinery was put into the mill, was that it should remain personal property. There is nothing to indicate a change of intention afterwards. The plaintiff executed a chattel

mortgage upon it, and at the sale under the foreclosure gave notice that it claimed it as personal property. We think it was not incorporated into and did not become a part of the realty, as a legal consequence of the acquisition of the fee, in the absence of any evidence of intention on the part of the plaintiff that the character of the property should be changed. The fact that the property, when conveyed to the plaintiff, was subject to a mortgage, may have constituted a reason why the plaintiff should desire to preserve its original character ; but, without this, the mere absence of motive to keep it separate from the realty does not, we think, warrant the conclusion that it became, as between these parties, part of the land.

The plaintiff was not in default for not removing the machinery. The tenancy had expired before the sale under the mortgage, but the plaintiff had become the owner of the land; and, by the stipulation made with the original purchaser on the mortgage sale, the plaintiff had the right to remove any personal property on the premises, within thirty days thereafter. This time had not expired when the conversion in question took place.

The judgment should be affirmed.

All concur.

Judgment affirmed.