NICHOLAS HENRY, Respondent, *against* HUGO VON BRANDENSTEIN, Appellant.

(Decided June 30th, 1884.)

Nearly five years after entry of a judgment of foreclosure of a mortgage of real property, but before a sale of the property under it, the owner of the land placed thereon articles of machinery, &c., and, at the same time gave a chattel mortgage of them to secure payment by him of a sum of money. *Held*, that a claim of title to the articles, as fixtures, founded upon a subsequent sale under the judgment of foreclosure, could not prevail against the specific lien of the chattel mortgage.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

Henry v. Von Brandenstein.

*Richard M. Bruno*, for appellant.

*Charles N. Black*, for respondent.

LARREMORE, J.—The defendant claims the fixtures in dispute, as a part of the realty of the premises in which they were placed, and that they were included in the judgment of foreclosure ordered on March 27th, 1871.

At that time the fixtures were not upon the premises. They were not placed there until January, 1876, at which time a chattel mortgage upon them was duly executed to the plaintiff to secure the sum of $3000. Thus a clear intention was expressed to treat them as personal property within the decision of *Ford* v. *Cobb* (20 N. Y. 344), and not as a permanent accession to the freehold, within the rulings of *Voorhees* v. *McGinnis* (48 N. Y. 278) and *Grosz* v. *Jackson* (6 Daly 463).

In *McRea* v. *The Central National Bank of Troy* (66 N. Y. 489) the question here involved was elaborately discussed, former adjudications cited and distinguished, and the criterion of a fixture was decided to rest upon the union of three requisites: 1st. Actual annexation to the realty or something appurtenant thereto; 2d. Application to the use or purpose to which that part of the realty to which it is connected is appropriated; 3d. The intention of the party making the annexation to make a permanent accession to the freehold. See, also *The Globe Marble Mills Co.* v. *Quinn* (76 N. Y. 23).

It needs no argument to show that a claim of title in 1871, when the fixtures were not upon the realty, should not supersede the specific lien of a chattel mortgage created nearly five years thereafter.

The questions of demand and refusal were properly submitted to the jury.

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment and order affirmed, with costs.