(1 App. Div. 169.)

## BEMAN v. DOUGLAS et al.

(Supreme Court, Appellate Division, Third Department. February 5, 1896.)

1. VENDOR AND PURCHASER—PURCHASER OF RECORD TITLE—PRESUMPTION OF GOOD FAITH.

In the absence of evidence the good faith of a purchaser of land by the record title is presumed, and the burden of proof rests on one assailing his title to show his notice of the rights of others under unrecorded instruments.

2. SAME—CLAIMS UNDER UNRECORDED INSTRUMENT.

A purchaser in good faith of land at execution sale under a judgment against the holder of the record title, without notice of any adverse rights or equities, and who records his deed, will be protected, and acquires a good title as against those claiming under an unrecorded contract exe-

cuted by the judgment debtor, though by such contract he parted with all his rights in the land prior to the time when the lien of the judgment attached.

Appeal from special term.

Action by Samuel S. Beman against Martha J. Douglas and others. Judgment for plaintiff, and defendants appeal. Reversed.

Appeal from the judgment directing foreclosure of an executory contract for the sale of land. Nathan Beman, being the owner of the premises, did, February 15, 1870, enter into a contract in writing under seal with Henry Yell, Amos Yell, and Joseph Sampica, whereby Beman agreed to sell to the Yells and Sampica said premises for $1,000, $50 of which they then paid, and agreed to pay the balance in five equal, annual, successive payments, with interest; and, upon payment being fully made, said Beman was to execute and deliver to the vendees a good and sufficient deed of the premises. That November 5, 1870, Beman assigned the contract and all his interest in and to the premises therein to Wead, whose administratrix afterwards, and on July 2, 1884, assigned the same to plaintiff. The premises consist of 119 acres of uninclosed, unoccupied wood and swamp land in Clinton county. Some payments were made by the vendees, but there remained due and unpaid on the contract, November 20, 1894, when the action was tried, $1,619.03, principal and interest. September 11, 1873, a judgment was entered and docketed in Clinton county for $1,660.83 against the vendor, Nathan Beman, in favor of Seba Johnson and Darius Ayer, and execution afterwards issued thereon against the property of said Nathan Beman, under which execution the sheriff sold the premises described in said contract to William S. Douglas and John W. Beman, and afterwards in due time gave them a sheriff's deed thereof, which deed they recorded in the Clinton county clerk's office, August 11, 1876. March 18, 1880, John W. Beman conveyed his interest to said Douglas. There is no evidence that Beman or Douglas, up to the time of receiving the sheriff's deed, had any notice of the contract of sale or of any claim of the vendees therein named to the premises. The defendant Martha is the widow, and Hiram and Effie Douglas are the children, of said William S. Douglas, who died intestate March 24, 1887, and they defend, alleging that by virtue of the sheriff's deed to said Douglas and John W. Beman, and the due record thereof without notice of the said contract, they are the owners of the premises, and that their title is not affected by said contract. The court held otherwise, and they appeal.

Argued before PARKER, P. J., and LANDON, MERWIN, PUTNAM, and HERRICK, JJ.

Cantwell & Cantwell, for appellants.

Weeds, Smith & Conway (T. F. Conway, of counsel), for respondent..

LANDON, J. The trial court held that the purchasers under the sheriff's deed could only take the actual interest which the execution debtor, Nathan Beman, had in the premises at the time the judgment was docketed against him, September 11, 1873; and that, as he had, November 5, 1870, by his assignment of the executory contract to Wead, under whom plaintiff holds, parted with all his interest, the sheriff's grantees took nothing by the deed, and had nothing to protect by recording it. There is no evidence that William S. Douglas and John W. Beman, the purchasers at the sheriff's sale, had notice, or were charged with notice, of the contract, or of the rights or claims of any of the parties to it. They bid and paid $327 for the land. This is some evidence—perhaps as much as it is reasonable to expect—in support of a negative sought to be proven after the death of the purchaser. We think that the finding of the learned

trial judge that William S. Douglas was not a bona fide purchaser, and was not without notice of the lien of the contract, cannot be sustained. This finding seems to be based upon the assumption, stated in the opinion of the learned judge, that "the case is entirely barren of evidence in that particular." But the burden of showing notice rested upon the plaintiff, who sought to impeach the record purchaser's good faith. Brown v. Volkening, 64 N. Y. 76. Assuming that William S. Douglas was a purchaser in good faith, and not charged with notice of the contract, then we think that the sheriff's deed to him and Beman was within the protection of the recording act. It is the law of this state that, in the absence of fraud, a judgment only takes effect upon the actual interest in land which the judgment debtor has at the time of the recovery of the judgment. Banking Co. v. Duncan, 86 N. Y. 221; Frost v. Bank, 70 N. Y. 553; Clute v. Emmerich, 99 N. Y. 342, 2 N. E. 6. The judgment debtor, Nathan Beman, had the legal title, but had sold the equitable title. This naked legal title, destitute of any beneficial interest, the sheriff sold upon the execution to Douglas and John W. Beman. Apart from the recording act, Douglas and John W. Beman practically acquired nothing. They recorded their deed, and, being purchasers in good faith, without notice of the equities arising under the contract of sale, they acquired by their priority of record the better title. Hetzel v. Barber, 69 N. Y. 1. If Nathan Beman, instead of giving a contract of sale, had first given a deed of the land to the plaintiff, and he had failed to record it, the subsequent recorded deed to the defendants would be preferred. If the unrecorded deed is not protected, much less the contract for it.

The judgment should be reversed, new trial granted, costs to abide event. All concur.