An order may be prepared embracing the terms of this opinion.

---

### TROWBRIDGE v. HAYES et al.

(Supreme Court, Trial Term, Madison County. July 20, 1896.)

1. JUDGMENT—COLLATERAL ATTACK.
    A judgment by default cannot be attacked collaterally for mere irregularities in the proceeding.
2. FIXTURES—AGREEMENT TO TREAT AS PERSONALTY.
    An agreement between a mortgagor and the assignee of the mortgage, that certain fixtures on the mortgaged premises should be considered as personalty, is not established by the fact that about the time of the assignment the mortgagor executed to the assignee a chattel mortgage of the fixtures, where it appears that the mortgaged premises were sufficient security for the real-estate mortgage with the fixtures, but might not be sufficient without them, and there is evidence that the chattel mortgage was executed at the request of the assignee of the real-estate mortgage to remove a doubt which he entertained as to whether the real-estate mortgage included the fixtures, and that he refused to take the assignment until the chattel mortgage was executed.

Action by A. Lucus Trowbridge against Will Hayes and others. Complaint dismissed.

E. S. More (Henry B. Coman, of counsel), for plaintiff.
M. H. Kiley, for defendants.

FORBES, J. This is an action brought to recover the value of certain property, consisting of machinery, etc., in a planing mill and factory, located in the village of Cazenovia, N. Y. The evidence shows that the building in which the machinery is located has been used for the same general purposes for many years, and that the machinery and tools therein, now claimed by the plaintiff to be personal property, have been devoted to the same general use during all this period of time. The factory was originally used as a woolen mill, and more than 20 years ago was converted into a wood-working shop, and remained so down to the time of the commencement of this action.

The plaintiff claims that the machinery for which he seeks to recover the value is personal property, and bases his claim to that contention upon the theory that, by an agreement between himself and one Childs, certain machinery therein was separated from the real estate, and treated as security, by virtue of a chattel mortgage thereon, given February 8, 1895, and filed in the town clerk's office

in the town of Cazenovia on the same day. The chattel mortgage seems to cover, by its description, all of the personal property in controversy in this action. There is no serious contention that the machinery in said building was not annexed to the freehold and became a part of the fixtures of said building prior to the time of the execution of said chattel mortgage.

The plaintiff in this action was formerly the owner and in possession of the premises in question, on or about the 31st day of October, 1892, and at that time executed and delivered to J. H. Teneyck Burr a certain bond for the payment of $950, with interest thereon from the 31st day of October, 1892, and, as a security for the payment of said bond, at the same time executed and delivered a mortgage upon the real estate and premises, including the building in question, in which said machinery was contained at the time of the commencement of this action. A description of the mortgaged premises is set forth in the complaint found in a certain judgment roll, filed August 27, 1895,—Exhibit No. 1 in this action. An action was commenced to foreclose said mortgage about the 8th day of January, 1895. The foreclosure was commenced in the name of said Burr, who was then the owner and holder of the said bond and mortgage. A recital in the description of that mortgage reads as follows:

"To the place of beginning, together with the buildings thereon, water power, and privileges, covering all the right, title, and interest of the said defendant, A. Lucus Trowbridge, in and to the property known as the 'Trowbridge Mill Property,' described as aforesaid."

Such steps and proceedings were taken in said mortgage foreclosure action that a sale of said premises, under the complaint therein, was duly and regularly ordered. A final judgment was obtained, confirming the foreclosure sale, and a referee's deed was executed to Almeron D. Hayes, Willis A. Hayes, and John H. O'Neil, on or about the 15th day of October, 1895. The referee's deed was duly recorded in Book 193 of Deeds, at page 48, on the 31st day of October, 1895, at 3 o'clock p. m. The defendants claim title to said property under and by virtue of the foreclosure sale of said mortgage.

There are two questions which were presented upon the trial of the action: (1) Was the machinery covered by the complaint personal property or fixtures? (2) Was the foreclosure action a nullity, or, rather, were the proceedings such, upon said foreclosure, that the defendants obtained no title thereunder to the real estate and machinery in question?

The foreclosure action seems to have been continued in the name of the original plaintiff. On the 8th day of February, 1895, J. H. Teneyck Burr executed and delivered to Orson U. Childs an assignment of the bond and mortgage in question, for the sum of $950, together with the interest thereon, and the cause of action pending to foreclose the same, with all his rights and interest thereunder. This assignment seems to have been acknowledged by the plaintiff in the mortgage foreclosure February 8, 1895, and was recorded in the Madison county clerk's office on the 1st day of June, 1895, at 11 o'clock a. m. The present action was commenced on the 22d day of October, 1895. The plaintiff, A. Lucus Trowbridge, was made a

party defendant to the foreclosure action, was duly served, and made no defense. A judgment was taken against him, upon his default in answering, upon an application to the court, without the formal substitution of Orson U. Childs as plaintiff in said foreclosure suit. The referee's report is entitled "Orson U. Childs, as Assignee of J. H. Teneyck Burr, v. A. Lucus Trowbridge et al."

There is no pretense that any fraud was perpetrated in obtaining the judgment in foreclosure, and there is no evidence to show what knowledge A. Lucus Trowbridge had of the steps and proceedings in said action after service of the summons and complaint. The defendant, by not answering in said action, admitted all of the necessary facts set forth in that complaint; so that the plaintiff in the foreclosure proceedings, upon application to the court, had the right to take a judgment as by default. Argall v. Pitts, 78 N. Y. 239; Winterson v. Hitchings (Com. Pl.) 34 N. Y. Supp. 183. In the case of Bullard v. Sherwood, 85 N. Y. 253, it is held that, "under sections 420 and 1212, Code Civ. Proc., in case of default, the defendant, by his default, admits both the right of recovery and its amount." The same doctrine is held in the case of Sayres v. Miller, 10 Civ. Proc. R. 69.

It will be seen, therefore, that the plaintiff had a right to proceed in the foreclosure action, and obtain all of the relief demanded in his complaint; and when a judgment is once entered it cannot be set aside for mere irregularity in the proceedings. Nor can that judgment be attacked in any collateral proceeding, except for fraud practiced in obtaining the judgment itself. In the case of Mayor, etc., v. Brady, 115 N. Y. 599, 22 N. E. 237, it was held:

"The fraud which will authorize a court in a collateral proceeding to reverse the judgment of another court is a fraud practiced in the procurement or concoction of the judgment, by which the defendant was prevented from availing himself of some defense." Reich v. Cochran, 74 Hun, 551, 26 N. Y. Supp. 443; Rice v. Bruff, 87 Hun, 511, 34 N. Y. Supp. 501.

The same doctrine is held in the case of McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21.

In the Brady Case, supra, the court held:

"Ignorance of the facts constituting a defense does not excuse the omission of the party to make it, nor entitle him to the aid of equity, unless it can be shown that he could not have acquired the information by diligence and careful labor in preparing the case for trial."

In the McFadden Case, supra, it was held:

"None of the defendants appearing, judgment of foreclosure and sale was entered by default, the premises sold, and by a writ of assistance plaintiff was ejected therefrom. * * * That, if plaintiff intended to assert title to the fixtures, he was bound to do so in the foreclosure suit, and was estopped by his default therein from making such a claim as against the purchaser or his grantee."

Not only was the plaintiff estopped by the judgment in foreclosure suit, but he was present at the sale upon the foreclosure judgment, and made no claim to the personal property then alleged to belong to him by virtue of a chattel mortgage agreement, as now claimed, but permitted the property to be sold without raising any objection to the regularity of the proceedings, or then asserting his right or title

to the machinery in question.   Mills Co. v. Quinn, 76 N. Y. 23;  Hess v. Smith (Sup.) 37 N. Y. Supp. 635.   If I am correct in this proposition, he is, upon these grounds, legally and morally estopped, and is now prevented, from recovering in this action the price of the machinery then and there sold.   There is no evidence in this case that any step was taken by him to set aside and vacate the judgment, or to protect himself from the transfer of the machinery under said foreclosure sale.   I find, upon an examination of the order of reference, as well as the papers upon the application for the reference to compute the amount due, that the proceedings were entitled "Orson U. Childs, Assignee of Plaintiff, J. H. Teneyck Burr, v. A. Lucus Trowbridge et al."   There is no question that Childs was the real owner of the mortgage foreclosed, and judgment seems to have been entered in the action as entitled, no one was misled, and the plaintiff was aware of the fact.   There was no claim upon the trial of the action that any fraud was perpetrated upon the defendant in the foreclosure proceedings, and there is no evidence to support such a proposition.   A. Lucus Trowbridge was sued as a mortgagor in said foreclosure suit, and he is concluded by the judgment rendered against him.   McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21;  Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69;  Dunstan v. Higgins, 138 N. Y. 70, 33 N. E. 729;  Stevens v. Bank, 144 N. Y. 50, 39 N. E. 68;  Harrison v. Trust Co., 144 N. Y. 326, 39 N. E. 353;  Beman v. Douglas, 1 App. Div. 169, 37 N. Y. Supp. 859;  Angel v. Smith (Sup.) 39 N. Y. Supp. 1115.

The only remaining question to discuss is this:   Was there any agreement between the plaintiff and either Burr or Childs that the machinery was to be treated as personal property between themselves? The only evidence which seems to have any great force on the part of the plaintiff is the execution of the chattel mortgage, made at the time of the transfer of the real-estate mortgage from Burr to Childs. The chattel mortgage clearly was intended to cover the machinery used and operated in the factory as a part of the factory property. The plaintiff claims, in addition to this chattel mortgage, that it was understood that the machinery, the ownership of which he contests under the complaint in this action, was to be so treated.   The evidence upon the trial shows that there is due and to become due upon the mortgage the sum of $950, and that the property itself is of comparatively little value with the machinery removed.   The evidence also shows that, from the operation of the factory and the uses to which the machinery therein has been put for at least 20 years, the whole property is valuable only when used together.   If this fact is established by the evidence, the security, perhaps, would be fairly ample;  but, with the building stripped of its machinery to the extent claimed by the plaintiff, the security might become very meager indeed.

It is asserted, on the part of the defendants, that no such an agreement was made;  that, instead of the agreement alleged on the part of the plaintiff to have been made, Childs questioned the security of the mortgage, and that Burr was appealed to to know whether there was any question about the machinery being fixtures and covered by

the real-estate mortgage; that the plaintiff then and there told Childs, in the presence of Burr, that the machinery belonged to the factory, and went with it as a part of the real estate. Childs, referring to the real-estate mortgage, replied, in substance, that there may be some question about it; and either he or Burr suggested that Trowbridge execute and deliver to Childs a chattel mortgage upon the machinery, so as to remove beyond any doubt the question of the machinery being a part of the factory property. And it is asserted that, before Childs would take a transfer of the Burr mortgage, he demanded that there should be no question about it, and that the machinery be so covered that the security would be ample; and in pursuance of that arrangement, and as a part of the transfer and assignment of the mortgage to Childs, some money was advanced by Childs for the plaintiff, and plaintiff consented to give a chattel mortgage, and, upon this being done, the Burr mortgage transfer was made to Childs. Rickerson v. Raeder, 4 Abb. Dec. 60; Ritchmyer v. Morss, *42 N. Y. 349; Mills Co. v. Quinn, 76 N. Y. 23. This seems to be the more probable arrangement between the parties, under the circumstances pointed out by the evidence in the case. The chattel mortgage was made directly from the plaintiff to Orson U. Childs. Upon the same day, and at the same time, Burr assigned the real-estate mortgage to Orson U. Childs, and the acknowledgment bears the same date. I think the evidence fully sustains the position taken by the defendants.

I have examined, very carefully, all of the authorities cited, and find many in addition which hold the rule contended for by the plaintiff's attorney,—that fixtures, as between the parties, may be treated as personal property, and detached from the freehold. But this can only be done by an agreement, entered into and understood between the parties, severing the fixtures from the freehold. Ford v. Cobb, 20 N. Y. 344; Sheldon v. Edwards, 35 N. Y. 279; Tyson v. Post, 108 N. Y. 217, 15 N. E. 316. Some of the authorities cited have no application to this case, as in the case of Andrews v. Button Co., 132 N. Y. 348, 30 N. E. 831, where personal property was sold to the owner of the real estate, placed in the building, but by agreement was not to become a part of the real estate, but remain as security for the purchase price of the property sold. Tifft v. Horton, 53 N. Y. 377; Sisson v. Hibbard, 75 N. Y. 542. From the evidence in this case, it seems very clear to the court that the intention of the parties was, at the time of the transfer of the real estate and the execution of the chattel mortgages, not to detach the machinery from the building; but it was rather intended to put an end to the question of the claim that the property was personal, and fix it as real property in the mortgage transfer, within the cases, among which are Potter v. Cromwell, 40 N. Y. 287; Voorhees v. McGinnis, 48 N. Y. 278; McRea v. Bank, 66 N. Y. 489; Watts-Campbell Co. v. Yuengling, 125 N. Y. 1, 25 N. E. 1060; Standard Harrow Co. v. Simmons, 86 Hun, 309, 33 N. Y. Supp. 486.

I do not think that the contention of the plaintiff is sustained in the claim that the defendants refused to let the plaintiff take the two pieces of machinery referred to in the answer, and admitted therein

as belonging to the plaintiff. The demand was for the machinery as a whole, and the refusal must be interpreted as a refusal to deliver the entire property claimed by the plaintiff, rather than a refusal to deliver that portion thereof which he admits belongs to the plaintiff.

If I am correct in the conclusions reached, the complaint must be dismissed upon the merits, with costs to the defendants; and judgment may be entered accordingly.

