---

## BROWN v. BECKMAN.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

SPECIFIC PERFORMANCE—MERCHANTABLE TITLE—JUDGMENT—COLLATERAL ATTACK.

Where plaintiff sued for specific performance of a contract to purchase land, plaintiff having agreed to furnish a proper deed, free from incumbrances, defendant cannot defeat the action by showing that plaintiff's title is defective by reason of amendment of a judgment after entry in mortgage foreclosure proceedings against the property, whereby the property was directed to be sold subject to plaintiff's life estate, since the regularity of the provisions of the judgment in foreclosure, in which the court had jurisdiction of the subject-matter and the parties, cannot be collaterally attacked by a stranger to the judgment.

Submission of controversy on agreed facts between Nathaniel W. Brown and Charles Beckman. Decree for plaintiff.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

William H. Wadhams, for plaintiff.
Robert J. Robeson, for defendant.

HATCH, J. On October 20, 1899, the plaintiff and defendant entered into a contract whereby the plaintiff agreed to sell to defendant certain premises on the northeast corner of 8th avenue and 142d street, borough of Manhattan, and to deliver a proper deed, free from all incumbrances. The defendant agreed to purchase and pay $21,000 for the same. A deed was duly tendered, which the defendant refused on the ground that the plaintiff could not give a good title. The plaintiff derived title as follows: On March 15, 1879, the Union Dime Savings Institution conveyed the premises in fee simple to Lucinda Y. Brown, and she executed and delivered to the institution a purchase-money mortgage for $2,750, which mortgage was duly assigned to Alden E. Sawyer. Before the property was conveyed to Lucinda Y. Brown, she had, on December 19, 1867, adopted an illegitimate child of Dora Coleman, and said adopted child was thereafter known as Charlotte D. Brown. About a year after Lucinda Y. Brown bought the premises she conveyed the same, by quitclaim deed, to Joseph F. Kelly, who gave back to her a life lease, and thereafter conveyed the premises to Herbert Mason in trust for Charlotte D. Brown, subject to the life lease. Shortly thereafter the trustee died, and on September 23, 1886, the said Charlotte D. Brown died, unmarried, intestate, at the age of 19 years; leaving, her surviving, Lucinda Y. Brown, her mother

by adoption, the life tenant in possession.  Whether Dora Coleman, her natural mother, or any husband, devisees, heirs, or next of kin of said Dora Coleman, were or are living, is unknown.  She never became a citizen of the United States, and she returned to Ireland in 1869, but to what part is unknown.  She has never been heard of since.  In 1888 Joseph F. Kelly reconveyed the premises to Lucinda Y. Brown, on the supposition that on the death of Charlotte D. Brown the fee reverted to him.  On the 5th day of February, 1889, Alden E. Sawyer began foreclosure of the mortgage;  making defendants the life tenant, Lucinda Y. Brown, the people of the state of New York, Dora Coleman, and others, unknown parties, who might take her interest if deceased, by certain fictitious names.  The summons was duly published against Dora Coleman and all the unknown defendants. None of the defendants appeared, except the people and Lucinda Y. Brown, and, all being in default of pleading, judgment of foreclosure and sale was duly entered.  After the entry of judgment, but before the sale, the defendant Lucinda Y. Brown procured an order to show cause why she should not be permitted to put in an answer praying that the premises be sold subject to her life lease;  stating that said life lease was a subsequent lien to the mortgage.  The people and the plaintiff were served with a copy of the answer, and on the consent of the plaintiff, the attorney general not opposing, the judgment was amended, directing the sale of the premises subject to the said life estate;  and the premises were sold accordingly, and purchased by Lucinda Y. Brown, for the sum of $1,200.  Thereafter, on December 14, 1893, Lucinda Y. Brown conveyed the premises to the plaintiff by a full-covenant warranty deed.

The defendant contends that this title is made defective by the amendment of the judgment; questioning the jurisdiction of the court to grant the order for amendment, because the same was granted without notice to any of the defendants who had defaulted in appearing in the action.  The foreclosure action was commenced and prosecuted in the manner provided by statute.  No defect is alleged in the proceeding down to the time of the amendment of the judgment. The court had jurisdiction of the subject-matter of the action, and it acquired jurisdiction of the parties as required and provided by the Code of Civil Procedure (sections 438, 451).  Abbott v. Curran, 98 N. Y. 665;  Moran v. Conoma (Super. N. Y.) 13 N. Y. Supp. 625, affirmed 128 N. Y. 591, 28 N. E. 251.  The amendment granted in no way prejudiced any right of any unknown or absent party to the action, and, if it did, they, being parties to the action, are bound by the judgment, so far as the purchaser at the foreclosure sale is concerned.  Blakeley v. Calder, 15 N. Y. 617, 622;  Woodhull v. Little, 102 N. Y. 165, 6 N. E. 266;  Smyth v. Rowe, 98 N. Y. 665; Livingston v. Mildrum, 19 N. Y. 440;  Malcolm v. Allen, 49 N. Y. 454.  The power of the court to make the amendment is beyond question.  The extent to which this power has been carried is shown by the cases of Hogan v. Hoyt, 37 N. Y. 300, and Sawyer v. Hubbell, 36 N. Y. 677.  In the cases cited parties who had appeared were dead, and yet amendments to a decree were upheld.  The validity or regularity of a provision in a judgment of foreclosure, not raised by a party to the suit, by answer

appeal, or motion, cannot be raised collaterally, where the court rendering the judgment had general jurisdiction of the parties and of the subject-matter of the action. In re Stilwell, 139 N. Y. 337, 34 N. E. 777. In that case a party to the action attempted to question the decree in a motion regarding surplus money. In the case at bar the validity of the judgment is attacked collaterally by a stranger. We see no reason why the title offered by the plaintiff is not a good, marketable title, so far as affected by the judgment in foreclosure, and the title is not otherwise questioned.

The plaintiff should have judgment that the defendant specifically perform the contract entered into between the parties as aforesaid, and pay the purchase price of the premises, with costs. All concur.