(59 App. Div. 52.)

PRATT v. JOHNSTON et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

JUDGMENT—RES JUDICATA—PRIOR ACTION—ANSWER—SERVICE ON CO-DEFENDANTS—NEW TRIAL—RIGHT OF CO-DEFENDANT.

     Code Civ. Proc. § 521, provides that, where a judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such a determination must demand it in his answer, and must at least 20 days before trial serve a copy of his answer on the other defendants. Plaintiff was a party defendant to a prior suit to set aside a conveyance of the property in controversy to defendant, in which judgment was rendered for the defendant, and the conveyance upheld. *Held*, that the contention that such judgment was not a bar to a subsequent action to set aside the same conveyance, because defendant had not served a copy of her answer on her co-defendants in the former action, cannot be sustained, since section 521 is applicable only to the rights of defendants as between themselves, and was not intended to give successive trials on the same issue.

Appeal from trial term, Kings county.

Action by Abraham J. Pratt, an infant, by Sarah E. Manuel, guardian ad litem, against Martha Johnston and others. From a judgment in favor of defendant Johnston, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John A. Straley, for appellant.
J. Stewart Ross, for respondent.

WOODWARD, J. There is but a single question involved in this appeal, and there is no doubt that the court below has properly disposed of the matter in dismissing the complaint. The action was brought to recover possession of certain premises described in the complaint, which had been formerly owned by one Abraham Johnston, the husband of the defendant, and who had during his lifetime

conveyed the premises to the defendant, on the ground that the said conveyance was without sufficient consideration; that Abraham Johnston did not read nor hear read the deed of conveyance, and did not know the same was a deed; that his signature thereto was obtained by undue influence and fraud; and that such deed was, therefore, void. It was also alleged in the complaint that a certain paper, purporting to be the last will and testament of Abraham Johnston, in which the testator had conveyed all of his estate to the defendant, was void by reason of undue influence, fraud, and improper execution. Upon the trial of the action only sufficient evidence was placed before the court to raise the question of law involved, and from the judgment dismissing the complaint this appeal is taken.

It appears that some time prior to the commencement of this action one Mary A. L. Grenier, a sister of the plaintiff in this action, and a grandchild of the said Abraham Johnston, had brought an action against this defendant for the same cause of action alleged in the case at bar, and that upon the trial of that action a judgment· had been rendered against the plaintiff, and in favor of the defendant, adjudging the title of the property to be in the latter. This judgment was pleaded in bar of the present action, and upon the trial was offered and received in evidence for the purpose of raising the question of law; the plaintiff insisting, in spite of the fact that the present plaintiff, an infant, was, with others, made a party defendant in the original action, and appeared by his guardian ad litem to "claim such interest in the premises as they are entitled to, and they submit their rights and interest in the matters in question to the court," that the judgment is not in the way of a trial of the present issues. The ground on which the plaintiff urges this contention is that the defendant Martha Johnston did not, in the original action, serve a copy of her answer upon the attorney of the several co-defendants, as provided by section 521 of the Code of Civil Procedure, and that therefore the rights of the co-defendants, as between themselves, could not have been determined in that action. It is evident that counsel for the plaintiff has mistaken the law. Section 521 of the Code of Civil Procedure was never intended to work the result contended for here. It was designed to place it in the power of a defendant to get a determination of an entire controversy in a single action, and not to contravene public policy by opening the way to successive trials of the same issues of fact between parties who have had their day in court. The language of the section is that:

"Where the judgment may determine the ultimate rights of two or more defendants, as between themselves, a defendant who requires such a determination must demand it in his answer, and must at least twenty days before the trial serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and personally, or as the court or judge may direct, upon defendants, so to be affected who have not duly appeared therein by attorney. The controversy between the defendants shall not delay a judgment, to which the plaintiff is entitled, unless the court otherwise directs."

This simply provides that in cases where the rights of the defendants, as between themselves, are determinable in a judgment, the whole matter may be disposed of by conforming to the provisions

of the Code, instead of leaving the defendants to litigate independently after the judgment has been entered in the main action. Such was the case of Fairchild v. Lynch, 99 N. Y. 359, 367, 2 N. E. 20, where the court of appeals clearly indicates its understanding of the law.

The rule applicable to the case at bar is that of equity, and it is well established that, where a matter has been submitted to an authorized judicial tribunal, its decision thereon is final between the parties, until it has been reversed, set aside, or vacated; and the rule of res adjudicata applies to all judicial determinations, whether made in actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination. Culross v. Gibbons, 130 N. Y. 447, 454, 29 N. E. 839, and authorities there cited. The plaintiff in this action had no ultimate rights as a co-defendant with the defendant in the first action. His rights were those of the plaintiff in that action, and the judgment declaring the deed of conveyance valid was binding upon all of the parties before the court, and such issue cannot be retried so long as that judgment remains in force. See Leavitt v. Wolcott, 95 N. Y. 212, 222.

The judgment and order appealed from should be affirmed, with costs. All concur, except SEWELL, J., taking no part.