Knapp, S.
The facts in this proceeding are as follows:
First. Lyman H. Dratt died leaving a last will and testament which was admitted to probate by the Surrogate’s Court of Wayne county on December 11, 1893. It contained among other provisions the following:
‘' Fifth. I give and bequeath to my son, Ambrose J. Dratt, the use of my brick house and lot in the Village of South Butler, N. Y., and adjoining the hotel *86 lot, to enjoy the nse of it during his natural life-time; then after his death, his daughter, Bertha, to have the said house and lot in fee simple for her own forever. ’ ’
Second. Ambrose J. Dratt died November 16, 1917.
Third. Bertha Dratt died in the month of December, 1910, intestate.
Fourth. Ambrose J. Dratt procured a judgment of divorce against Minnie Dratt, his wife, in the Supreme Court of Wayne county upon the ground of her adultery on the 23d day of February, 1894.
Fifth. The summons in such action was served upon Minnie Dratt, the defendant, in the town of Butler, Wayne county, N. Y., on January 13, 1894.
Sixth. By the decree of divorce granted in favor of Ambrose J. Dratt against Minnie Dratt, the marriage was dissolved between these parties and the custody of Bertha Dratt was awarded to Ambrose J. Dratt, her father.
Seventh. Bertha Dratt was the daughter of Ambrose J. Dratt and Minnie Dratt.
Eighth. On April 16, 1895, an order of adoption was made by which Charles W. Hurter adopted Bertha Dratt.
Ninth. The consent of Ambrose J. Dratt to such adoption was given.
Tenth. The consent of Minnie Dratt, the mother of Bertha Dratt, was not given.
The question now arises in this proceeding, in whom is the title to the real estate mentioned and set forth in the fifth provision of the last will and testament of Lyman H. Dratt, deceased, quoted above? Is the same vested in Charles W. Hurter, the foster father of Bertha Dratt, or in Minnie Dratt, now Minnie Blackstone, the mother of Bertha Dratt?
On April 16, 1895, when this order of adoption was made, the statute then in force was chapter 830 of the *87 Laws of 1873. Section 5 of that act reads as follows: ‘ ‘ Except in the cases provided for in the next section, a legitimate child cannot be adopted without the consent of its parents, if living, or the survivor, if one is dead; nor an illegitimate child without the consent of its mother, if she is living. ’ ’
Section 6 reads as follows: “ The consent provided for by the last section is not necessary from a father or mother deprived of civil rights, or adjudged guilty of adultery or cruelty] and who is, for either cause, divorced; or is adjudged an insane person or an habitual drunkard, or is judicially deprived of the custody of the child on account of cruelty or neglect.”
Chapter 830 of the Laws of 1873 was repealed by chapter 272 of the Laws of 1896. Section 6 of the act of 1873 that I have quoted became subdivision 3 of section 61 of chapter 272 of the Laws of 1896 practically without change.
It will be noticed in passing that no notice was required to be given to a parent in an adoption proceeding by any of the above statutes where the consent of the parent was not required.
Chapter 272 of the Laws of 1896 continued in force so far as subdivision 3 of section 61 was concerned until it was amended by chapter 569 of the Laws of 1913. By the later act notice was expressly required to be given in case a divorce was granted to one of the parents by reason of adultery or cruelty and that such notice should be given to both the parents personally or in such manner as directed by a judge of a court of competent jurisdiction.
It will, therefore, be seen that never in the history of the acts relating to adoption in this state until chapter 569 of the Laws of 1913 was enacted was notice required to be given by statute to a parent whose consent was not necessary to such adoption by the provision of the statute.
*88 This case must be decided upon the law relating to adoption in force at the time when the order of adoption was made.
On April 16, 1895, when this order of adoption was made, Minnie Dratt was no longer the wife of Ambrose J. Dratt; the marriage theretofore existing between Ambrose J. Dratt and Minnie Dratt had been dissolved by the solemn judgment of the court theretofore made and entered and which was a public record giving notice to all of the world of the dissolution of such marriage; furthermore by the decree dissolving the marriage between Ambrose J. Dratt and Minnie Dratt, the custody of Bertha Dratt, this child, was expressly given to Ambrose J. Dratt, the father, and the party wronged in this divorce action, so that we have two facts which are prominent in this proceeding.
First. The dissolving of the marriage of the parents by decree of the court which was valid and in force at the time the order of adoption was made.
Second. The legal custody of the daughter in the consenting parent to the adoption by the judgment of the court.
The judgment of divorce between Ambrose J. Dratt and Minnie Dratt, his wife, was final between the parties until it was reversed, set aside or vacated. Culross v. Gibbons, 130 N. Y. 447, 454, and cases cited; Pratt v. Johnston, 59 App. Div. 52, 54; Livingston v. Livingston, 56 id. 484-486; Hughes v. Cuming, 165 N. Y. 91.
The Supreme Court had jurisdiction of the person of Minnie Dratt, the defendant, and had jurisdiction of the subject matter. The validity or regularity of the decree of divorce granted therein could not therefore be raised in any collateral proceeding. Brown v. Beckmann, 53 App. Div. 257; Matter of Stilwell, 139 N. Y. 337; Trowbridge v. Hayes, 21 Misc. Rep. 234.
The petition for adoption verified by Charles W. *89 Hurter on the 16th day of April, 1895, recites that Bertha Dratt was the child of Ambrose J. Dratt and Minnie Dratt; that the mother of said child was divorced from Ambrose J. Dratt, and that her whereabouts was not known to the petitioner, and that by such divorce Ambrose J. Pratt was awarded the care and custody of the child. Ambrose J. Dratt was sworn before the county judge of the county of Wayne on the 16th day of April, 1895, and testified under oath that Bertha Dratt was his daughter; that her mother’s name was Minnie Dratt, who was his wife, and that he had a divorce from his wife by which divorce he was awarded the sole care and custody of Bertha Dratt. The petition contains the necessary facts to confer jurisdiction upon the county judge, the order of adoption recites that the judge had examined the proposed foster parent, his wife and the father of the child separately and was satisfied that the moral and temporal interest of the child be promoted by her adoption by Charles W. Hurter, gives his reason in the order, and grants the order of adoption.
The judge, therefore, had before him at the time of the granting of the order of adoption the sworn testimony of the witness showing that a divorce had been granted to Ambrose J. Dratt and against Minnie Dratt, his wife, and while that fact is not recited in the order of adoption it is stated in the petition and is also stated in the testimony of Ambrose J. Dratt upon which the order was made and to which reference is made in the final decree or order of adoption, so that in the order of adoption the petition of Charles W. Hurter, the consent of Delila Hurter, the consent of Ambrose J. Dratt and the testimony of Ambrose J. Dratt were recited as being read and filed.
If Minnie Dratt had had notice of the proceeding she could not have contested in that proceeding the *90 regularity or validity of the decree of divorce then existing against her nor could she have contested that part of the decree of divorce which granted the custody of the child to Ambrose J. Dratt, her former husband. She was not entitled to the custody even of Bertha Dratt; the court had given the same to Ambrose J. Dratt. If she could not have questioned the validity of such a decree so entered any notice served upon her in the adoption proceeding would have been at the most a mere formality, because, conceding the divorce to be valid and then existing against her, her consent under the statute was not required in a legal adoption of her daughter by another.
I have had cited to me the case of Matter of Livingston, 151 App. Div. 1, as to the invalidity of this adoption. That was a case where the adoption recited the matter of abandonment by one of the parents, to wit, the mother. The mother obtained a writ of habeas corpus. In the court below it was held that the mother could not question the decree of the court making the adoption and reciting the abandonment. The appellate court held otherwise, and it seems to me to hold that in case of abandonment notice constructive or actual must be given to the parent who it is claimed abandoned the child. That case has not been followed, however. Matter of Livingston was decided May 17, 1912, in the second department. In Matter of Korte, 78 Misc. Rep. 276, in November, 1912, the same question came before the County Court of the county of Kings in which the court writing the opinion in that case held that the consent of a parent who has abandoned a child was unnecessary, Matter of Livingston, supra, having been cited to the court to support the contrary position.
As was said in Matter of Johnston, 76 Misc. Rep. 374, 376, the question of jurisdiction depended upon, *91 first, the consent of the father; second, the fact of the abandonment on the part of the mother must exist. In the case here the jurisdiction of the county judge in this particular proceeding rested upon, first, the consent of Ambrose J. Dratt, the father; second, the fact of the divorce having been granted to Ambrose J. Dratt against Minnie Dratt by a court of competent jurisdiction having jurisdiction of her person and the subject matter. It cannot be denied but that this divorce decree did exist at that time and that the court did have in that action both jurisdiction of the subject matter and jurisdiction of the person of Minnie Dratt.
In Matter of Livingston, supra, it will be noticed upon a careful examination of the opinion of the court and the cases cited therein that they were not uniform upon the questions involved and the court of last resort in many of the states held a contrary doctrine to the decision in that case.
In Matter of MacRae, 189 N. Y. 142, while it is not squarely in point here, the prevailing opinion in that case seems to hold that the state might authorize its court to conduct proceedings for adoption of minor children without notice to any one. This question was before the court in the MacRae case as an examination of the cases cited by the appellants will show.
It may be said briefly that the state has an interest in the adoption of children; to a limited extent at least they are the wards of the state and it seems to me that the rights of the state are equal to the rights of the parent who has abandoned his or her child. By abandonment the child might become a public charge and a natural parent who will willfully abandon his or her child does not, to say the least, show that affection for it which is naturally to be expected. In such a *92 case the rights of the state as I view it become if not paramount at least equal to the rights of the natural parent in the care and welfare of the unfortunate child.
In this proceeding Minnie Dratt, the mother of Bertha Dratt, was not precluded from contesting this adoption; she could have within a reasonable time after this order of adoption had been brought to her notice, applied to have the same opened and upon the opening of the order could have contested any questions that the law permitted her to contest; this she did not do; she sat silent upon her rights from 1895 until this petition was presented so far as I have been able to find. I, therefore, hold that the order of adoption heretofore made of Bertha Dratt by Charles W. Hurter was valid.
The adoption being held valid, I do not understand that there is any question arising as to the inheritance of this real estate by Charles W. Hurter, the foster father, subject to life estate of Ambrose J. Dratt. Laws of 1909, chap. 19, § 114; Matter of Cook, 187 N. Y. 253.
A decree may be entered herein establishing that Charles W. Hurter became upon the death of Bertha Dratt the owner of the real estate set forth in the petition herein subject to the life estate of Ambrose J. Dratt.
Decreed accordingly.