In the Matter of the Distribution of the Proceeds of the Sale of the Real Estate of ELIZABETH A. STILWELL, Deceased.

The question as to the validity or regularity of a provision in a judgment of foreclosure, not raised by a party to the suit by answer, appeal or motion, may not be raised collaterally where the court rendering the judgment had general jurisdiction of the parties and the subject-matter of the action.

It seems, the remedy of the party is by motion to set aside, correct or annul the judgment.

The legislature may, without restricting the general jurisdiction of the Supreme Court, within the meaning of the Constitution, designate the

place where surplus moneys, arising from the sale of lands in foreclosure or partition actions, which belong to the estate of a deceased person, may be deposited.

Accordingly *held*, that the provisions of the Code of Civil Procedure (§§ 2798, 2799), requiring such surplus moneys to be paid into the Surrogate's Court from which letters testamentary or of administration on the estate had been issued, were constitutional.

Reported below, 68 Hun, 406.

(Argued June 19, 1893; decided October 3, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made April 14, 1893, which affirmed an order of the surrogate of the county of New York directing the distribution of surplus moneys in a foreclosure action, and directed a judgment for costs in favor of Hannah M. Stilwell, a devisee under the will of Elizabeth A. Stilwell, deceased.

The facts, so far as material, are stated in the opinion.

*John G. Agar* for appellant.   The General Term erred in holding that it was too late for appellant to question the power of the surrogate. (Thomas on Mort. § 877; *Kay* v. *Whittaker*, 44 N. Y. 565.) The General Term erred in holding that the Supreme Court had power to order that the fund be paid over to the Surrogate's Court independently of sections 2797 and 2798, Code of Civil Procedure. (*Alexander* v. *Bennett*, 60 N. Y. 204; *Anderson* v. *Reilly*, 66 id. 189.) Certain powers conferred upon the Surrogate's Court by sections 2797 and 2798, Code of Civil Procedure, relating to the payment into and distribution by the Surrogate's Court of surplus money arising upon a foreclosure sale of real property, are unconstitutional; if, first, the exercise of these powers necessarily limits the general jurisdiction of the Supreme Court; if, second, the provisions of the Code conferring these powers are mandatory; and if, third, those powers apply to a surplus arising on foreclosure sale pursuant to the judgment in the Supreme Court.   If these laws, by reason of which the funds in question have been paid over to the Surrogate's Court, are unconstitutional, they are inoperative and void, and the surro-

gate has no power or jurisdiction over these funds, and cannot distribute them among the persons entitled thereto under section 2799, Code Civil Procedure. (*Mayor, etc.*, v. *Nichols*, 79 N. Y. 590; *State* v. *County of Kings*, 125 id. 323; Laws of 1872, chap. 299; Laws of 1874, chap. 545; *People* v. *Carr*, 86 N. Y. 514; *Fliess* v. *Buckley*, 24 Hun, 514; *G. S. Bank* v. *Shaver*, 25 id. 409; *Bergen* v. *Curman*, 79 N. Y. 146; Code Civ. Pro. §§ 2798, 2799.) The statute does not confer power upon the surrogate to pass upon the claim of Mrs. Dixon to the fund. In proceedings for the distribution of the proceeds of the sale of real estate the statute gives the surrogate jurisdiction only to determine the validity of debts, claimed to be due from the decedent, and does not confer jurisdiction to pass upon the validity of conflicting claims of title to the fund set up between heir and devisee. (*Valkenburg* v. *Lasher*, 53 Hun, 594; *Magee* v. *Vedder*, 6 Barb. 352; Code Civ. Pro. §§ 2627, 2656, 2710, 2804, 2805; *In re Merriam*, 136 N. Y. 58; *Dunning* v. *O. N. Bank*, 61 id. 497; *Hillis* v. *Hillis*, 16 Hun, 76; *Arrowsmith* v. *Arrowsmith*, 8 id. 606; *Sanders* v. *Soutter*, 126 N. Y. 200; *Stillwell* v. *Carpenter*, 59 id. 414; *Bevan* v. *Cooper*, 72 id. 317; *In re Wagner*, 119 id. 28; Suth. on Stat. Const. § 407; *Greenhow* v. *James*, 80 Va. 636; *G. Co.* v. *Brogden*, 112 U. S. 261; *Merritt* v. *Leman*, 2 Beav. 269; *In re Haxtum*, 102 N. Y. 157.)

*Payson Merrill* for respondents. The payment of the surplus money into the Surrogate's Court and the disposition of it by that court is directed by the plain language of the Code. (Code Civ. Pro. §§ 2749, 2761, 2791, 2798.) The surrogate, having acquired jurisdiction of the subject-matter and of the parties, was bound to proceed to a final determination, unless prevented by an injunction or some other legal obstacle. (*Morgan* v. *Rollins*, 33 Hun, 47.) The ejectment suit cannot properly result in a judgment which will determine the ownership of the land. (*Fliess* v. *Bulkley*, 90 N. Y. 286; *Hoyt* v. *Comrs., etc.*, 23 id. 224.)

O'BRIEN, J. The order from which this appeal was taken made distribution of surplus moneys arising upon a sale of real estate after judgment in an action to foreclose a mortgage on the same.

Elizabeth A. Stilwell died seized of the property, subject to a mortgage, December 21, 1890, and by her will devised it to her heirs and next of kin, of whom the petitioner in this proceeding was one. · The mortgage was foreclosed, and judgment of foreclosure and sale was entered in the month of November, 1891. The surplus arising upon the sale was paid into the Surrogate's Court pursuant to section 2798 of the Code. The appellant, Frances Dixon, claims to be the daughter of Mrs. Stilwell; that the will was void, and that the surplus, or at least some part of it, passed to her as heir. She was a party to the action to foreclose the mortgage, and one of the questions that arises upon the appeal is how far she is bound by the provisions of that judgment. The surrogate made distribution of the surplus among the devisees under the will, and thus the appellant's claim has been ignored. On the 14th of September, 1891, she brought an action of ejectment to enforce her claim, and this action being pending when the application for distribution was made to the surrogate, she interposed it as an answer or bar to the proceeding, and the objection was disregarded, but no evidence was offered with respect to her right to share in the distribution of the fund.

The contention of the appellant is that the provisions of the Code, pursuant to which the surplus was deposited in the Surrogate's Court, are unconstitutional, in that they deprive the Supreme Court of its general jurisdiction in law and equity secured to it by the State Constitution (Art. 6, § 6). There are, we think, two answers to this objection:

(1) The appellant was a party to the foreclosure action in which the direction to pay the money into the Surrogate's Court was made. She was entitled to be heard on this question as well as any other in the case. The fact that she omitted to answer is not material. The judgment binds her

as to every question litigated, or which could have been liti-
gated, as a former adjudication between the parties or their
privies, and she cannot now question anything decided col-
laterally.   It is urged that this provision in the judgment in
that case was made without notice to her, and hence she never
had an opportunity to be' heard.   If this is so, and she was
entitled to notice, her remedy was by motion to set aside the
judgment, or to correct or amend it, and upon such motion
she could have appealed from any decision made.   The
validity or regularity of a provision in a judgment of fore-
closure, not raised by a party to the suit by answer, appeal or
motion, cannot be raised collaterally where the court render-
ing the judgment had general jurisdiction of the parties and
the subject-matter of the action.

(2) The surplus moneys in question were a part of the
estate of a deceased person, and had been disposed of by will.
The distribution of such estates between heirs, next of kin,
legatees and devisees was always a part of the jurisdiction of
the Surrogate's Court, recognized by the Constitution.   The
fund may have been devoted by the will or by law to the pay-
ment of debts or legacies in the ordinary course of administra-
tion, and at some time or in some way was liable to come within
the jurisdiction of the surrogate.   The sections of the Code,
the validity of which are questioned (§§ 2798, 2799), treat the
surplus, in the cases there specified, in the same way as the
proceeds of real estate sold under the order of the surrogate.
They were intended to save the expense incident to the dis-
tribution of the surplus where the mortgagor is alive, and to
facilitate the orderly settlement of the estates of deceased per-
sons.   The legislature cannot limit or abridge the general
jurisdiction of the Supreme Court as conferred by the Consti-
tution.   But it seems to me that it may, without restricting
its general jurisdiction, within the meaning of the Constitution,
designate the place where surplus moneys arising from the sale
of lands in foreclosure or partition actions, where the owner
is dead, may be deposited.   Before an act of the legislature
can be declared void as repugnant to the Constitution, the

conflict must be manifest. A statute that provides for the deposit of surplus moneys, arising from the sale of the lands of a deceased person, in the Surrogate's Court, having jurisdiction of the settlement and distribution of his estate, and providing for the proceedings in that court for its distribution among the parties entitled, subject to the appellate jurisdiction of the ·Supreme Court, upon the law and the facts, does not, in my opinion, violate any provision of the Constitution. The jurisdiction of the Supreme Court to entertain, hear and determine the action and to execute its judgment has not been touched. The Code deals only with a fund arising from the execution of the foreclosure judgment, not disposed of by the decree, and commits that fund to the custody and control of a court which, at the time the Constitution was adopted, had extensive jurisdiction over the estates of deceased persons, and this jurisdiction was recognized by that instrument in various provisions for its future organization and existence. The action of the Surrogate's Court, with respect to the distribution of the fund, is subject to review by the Supreme Court on the law and the facts. The general jurisdiction conferred upon the Supreme Court by the Constitution does not operate to prevent the legislature from giving additional jurisdiction to other tribunals, or from changing the common law, or from regulating and altering the jurisdiction and proceedings in law and equity in the same manner and to the same extent as had been exercised by it before the Constitution of 1846 was adopted. (*People ex rel.* v. *Green,* 58 N. Y. 301; Const. art. 6, § 8.) These general powers are broad enough to sustain the provisions of the Code assailed upon this appeal.

The order should be affirmed, with costs.

All concur.

Order affirmed.