(28 Civ. Proc. R. 102; 25 Misc. Rep. 26.)

## DI LORENZO v. DRAGONE et al.

(Supreme Court, Special Term, New York County.    October, 1898.)

1. JUDGMENTS AGAINST ADMINISTRATORS—LIENS.

     A judgment against an administrator is not a lien on the real estate belonging to the estate.

2. SAME—SURPLUS MONEYS—SURROGATE'S COURT.

     The recovery of a judgment against an administrator does not give the creditor the right to an order from a court of special term, directing its payment out of surplus moneys resulting from a foreclosure sale of the real estate, since Code Civ. Proc. § 2798, provides that such surplus must be paid into the surrogate's court, where letters have been issued therein within four years before the sale.

3. SAME—NOTICE TO OTHER CREDITORS.

     Notice must be given to other creditors of the pendency of a proceeding by a creditor to collect his claim against an estate from surplus moneys resulting from a foreclosure sale of the real estate of decedent.

Action by Gregorio Di Lorenzo against Rafaele Dragone and others. Motion to confirm the referee's report, and direct payment of the claim of Warner B. Matteson out of the surplus moneys. Denied.

Warner B. Matteson, for the motion.

BEEKMAN, J. The referee appointed in the surplus money proceedings instituted in this action has reported that the petitioner is entitled to the whole of such moneys, by reason of the fact that he is the owner of a judgment recovered against the public administrator for a debt of the deceased. It is too clear, however, to require any discussion, that such a judgment is in no way a lien upon the decedent's real estate. The only effect of its recovery was to settle the fact of the indebtedness, and its amount. It is suggested, however, that inasmuch as the real estate of the deceased was subject to sale for the payment of his debts, in case it should appear that his personal estate was insufficient for that purpose, this court, in the exercise of its equitable powers, and having control of a fund representing the real estate, may recognize the existence of such claims, and distribute the fund accordingly. In support of this contention, the case of Bank v. Sharer, 25 Hun, 409, is referred to, but all that it can be claimed that this case decides is that, where all the creditors are before the court, the latter has jurisdiction to distribute the surplus moneys among them upon a proper marshaling of their claims. It is doubtful if that case is an authority even to that extent, in view of the change in the statutory law upon the subject which has taken place since its decision. Section 2798 of the Code of Civil Procedure directs that where real property liable to be disposed of in the surrogate's court is sold in an action or a special proceeding to satisfy a mortgage or other lien thereon which accrued during the decedent's lifetime, and letters testamentary or letters of administration upon the decedent's estate were, within four years before the sale, issued from a surrogate's court of the state having jurisdiction to grant them, the surplus money must be paid into the surrogate's court from which the letters issued. The validity of these provisions has been sustained in the court of appeals. In re

Stilwell's Estate, 139 N. Y. 337, 34 N. E. 777. Other sections of the Code provide for subsequent proceedings in the surrogate's court for the purpose of securing a distribution of the fund, in which proceedings notice of their pendency must be given to the creditors and others therein referred to. Even giving to the case of Bank v. Sharer, above cited, all the effect that could be claimed for it, it is an authority against the claimant, inasmuch as no notice of the pendency of these proceedings has been given to other creditors of the decedent. The judgment of foreclosure and sale should have provided for a deposit of the surplus moneys in the surrogate's court, in order that proceedings appropriate for the purpose might be instituted for the distribution of the fund under a full recognition of the claims of creditors. In my opinion, the proper course for the claimant in this case to pursue is to make an appropriate application to the court for such a deposit, and then to cause such proceedings to be taken in that court as will enable him to secure the payment of his claim in whole or in part, as the case may require. The motion to confirm the report of the referee is therefore denied.

Motion denied.