AUGUSTA GRIESHABER, Formerly Known as AUGUSTA KNOEPFEL, JR., and WINFIELD SCOTT KNOEPFEL, Plaintiffs, *v.* AUGUSTA KNOEPFEL and Others, Defendants.

Supreme Court, Bronx Special Term, December, 1922.

Mortgages — foreclosure — infant defendants — failure to have guardian ad litem appointed — judgment voidable — infant cannot maintain partition against purchaser in good faith after foreclosure.

A foreclosure judgment entered against infant defendants personally served with the summons and complaint but for whom no guardian *ad litem* was appointed is not absolutely void but voidable only and is not subject to collateral attack by the infants.

On becoming of age the infants cannot maintain partition against one who in good faith and for value purchased the property from the purchaser in the foreclosure sale, especially where the complaint does not seek to set aside the foreclosure judgment but disregards it, as a nullity.

The proceedings of the court in the foreclosure action even if irregular are binding until set aside by direct attack.

ACTION to partition real estate.

*Berlin & Berlin* (*Charles Berlin*, of counsel), for plaintiffs.

*Dean, King & Smith (George M. Welch,* of counsel), for defendant Rena Pauline Marshall.

MARSH, J. This is a partition action, the real purpose of which is conceded to be the trial of title. The plaintiffs are some of the children and heirs at law of one Anabel Lyons, who died in 1910 intestate and seized and possessed of an undivided one-half interest in the property in question. The premises were then subject to a mortgage held by Fannie M. Wallace. In 1911 an action was commenced for the foreclosure of this mortgage. A judgment and decree of sale were entered and the property was sold in 1912 to the mortgagee, who was the highest bidder, and a deed was executed and delivered to her by the referee. Three years later the purchaser conveyed to Rena Pauline Marshall, a defendant in this action, who resists the partition on the ground that the entire title is now in her or in her grantees.

To overcome the effect of the foreclosure decree the plaintiffs show that at the time the proceedings were commenced they were infants of the ages of sixteen and eighteen years, respectively, and that although copies of the summons and complaint were physically served upon them no guardians *ad litem* were ever appointed. This defect, however, does not appear from an examination of the judgment roll. The affidavit of regularity states that all of the defendants were of full age and sound mind. While this was an error, there is no proof of any fraud or fraudulent intent, and it was stipulated upon the trial of the present action that the defendant Mrs. Marshall has purchased the premises in good faith, for a valuable consideration and without knowledge or notice of any claims arising upon the behalf of the plaintiffs.

The law governing this state of facts was laid down by the Court of Appeals in *McMurray* v. *McMurray,* 66 N. Y. 175. It was there distinctly held that a foreclosure judgment entered against infant defendants who have been served with process, but for whom no guardian *ad litem* was appointed, is not absolutely void, but only voidable. While the court further held that such a judgment might be avoided and set aside for fraud in a direct action against the original plaintiff, the invalidity was said not to be such as to impair the title of *bona fide* purchasers. It is well settled that a foreclosure judgment which is only voidable is not subject to collateral attack. *Matter of Stillwell,* 139 N. Y. 337; *Parham* v. *Burns,* 135 App. Div. 884; affd., 201 N. Y. 559. The attack made upon the judgment in this action is clearly collateral; instead of asking to have it set aside the plaintiffs seek to disregard it as nullity. It is not even mentioned in the complaint.

The plaintiffs further argue that the judgment is not binding because the judgment roll shows that no sworn testimony was taken by the referee, but as the court had jurisdiction of the parties and the subject-matter, its proceedings, even if irregular, are binding until reversed or set aside by direct attack. *Hughes* v. *Cuming,*165 N.Y. 91.

The defendant is entitled to judgment dismissing the complaint on the merits, with costs. Submit findings.

Judgment accordingly.