In the Matter of the Arbitration between I. MILLER & SONS, INC., and UNITED OFFICE AND PROFESSIONAL WORKERS, LOCAL 16, C.I.O.

Supreme Court, Special Term, New York County, March 21, 1949.

*Walter M. Colleran* for Martin Berger and another, petitioners.

*Samuel M. Sacher* for United Office and Professional Workers, Local 16, C.I.O., respondent.

*Hyman Landau* for I. Miller & Sons, Inc., respondent.

EDER, J. Motion to stay arbitration is denied.

The petitioners are employees of a concern known as I. Miller & Sons, Inc. This concern and the respondent union entered into an agreement on August 21, 1947, which expires on April 28, 1949. It provides, among other things, that all future employees of said I. Miller & Sons, Inc., shall, as a condition of employment, after thirty working days, be required to become and remain members in good standing of the union during the term of said agreement. It further provides that in the event the employer during the term of said agreement requires additional help, the union agrees to supply the same upon demand; that if within twenty-four hours the union fails or is unable to supply an employee satisfactory to the employer, the employer may secure such employee from any source whatsoever, providing, however, that after thirty working days of employment, as a condition of employment, he shall become and remain a member in good standing of the union.

The said agreement further provides for arbitration, viz., that any matter, dispute, controversy or issue relating to the interpretation of the terms of said agreement, or the breach or enforcement thereof, or any act, relationship or conduct between the parties, directly or indirectly, shall be referred to arbitration.

The petitioners have been asked to join the union but have failed and refused to do so.

The employer does not question the right of any of its employees to join any labor organization and states that it feels that its duty under the law is neither to encourage nor to discourage membership in any labor organization; that as a result of this attitude it has refused to take any disciplinary action against any employee by virtue of joining or refraining from joining any labor organization.

The union now contends that the employer is obligated under the provisions of the contract to (1) hire all new employees from the union; (2) to compel those employees who are not members of the union to become and remain members of said union; (3) to discharge those employees who refuse to become members of the union.

The employer has been requested by the union to discharge those employees refusing to join the union and has declined to do so in the belief that such discharge is prohibited under the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, § 141 *et seq.*), commonly known as the Taft-Hartley Law, or under its predecessor, the statute known as the Wagner Act.

The petitioners urge that the agreement in question violates the Taft-Hartley Act and is invalid and void and that the employer is under no legal obligation to proceed to arbitration and that the instant application for the stay of the arbitration proceeding is made because the outcome thereof vitally affects their opportunity to earn a livelihood with said employer, and, further, that as there is no valid contract between the union and the employer, there is nothing to arbitrate.

One of the grounds of opposition to this motion is that the petitioners have no standing to interfere with the arbitration proceeding for the reason that they are outsiders, are not parties to the said agreement.

This is a contention of substance, as I view it, and merits consideration.

Unless the petitioners have a status or possess some right entitling them to object to the arbitration being proceeded with, they are without right to interfere.

Insofar as the Taft-Hartley Law is concerned, I do not see its relevancy here. There is nothing shown by the record presented that the employer is engaged in interstate commerce. There is a statement by one Denerstein, who says he is the " coordinator " of the union and that the employer is engaged in the manufacture of ladies' shoes, " the operations of which affect interstate commerce ". This is a conclusory statement of the affiant and no more. There seems, though, to be an assumption that the Taft-Hartley Law is applicable.

If we take the assumption as the fact, the claim that the agreement is invalid and void under said law and that the employer is under no legal obligation to proceed to arbitration under the agreement, is one to be urged by the employer and it does not do so, and petitioners may not inject it in the absence of a status in the arbitration proceeding. The claim of illegality, although open to the contracting parties, cannot, as a general rule, be invoked by third parties. Of course, an exception may attend where the third party claims to be the beneficiary of a contract to which he is not a party (see instructive review of the cases on editorial page, N. Y. L. J., Nov. 7, 1940, p. 1442, col. 1, and Nov. 8, 1940, p. 1460, col. 1.), but that is not the situation here, for here the petitioners have refused to acknowledge the validity of the mentioned agreement.

Arbitration is a matter of contract between the parties thereto (*Webster* v. *Van Allen,* 217 App. Div. 219); there is nothing mysterious or peculiar about arbitration agreements and the same rules of construction and interpretation apply to such agreements as in the case of all agreements (3 Am. Jur., Arbitration and Award, § 41).

One not a party to an agreement is, generally, without right or standing to interfere, and this is admitted, tacitly, at least, by the petitioners, who urge that in the case of an arbitration agreement they may interpose and be heard to object by virtue of the ruling in *Busch Jewelry Co.* v. *United Retail Employees' Union* (170 Misc. 482) where the court, in referring to sections 1462 and 1462-a of the Civil Practice Act, was of the view that the phrase " any party to the controversy " refers not only to the parties who have participated in hearings or in the selection of arbitrators, but to all who are actually parties in interest so far as the subject matter is concerned, and concluded that plaintiff's nonunion employees are " parties " to the arbitration.

Section 1462 authorizes a motion to vacate the *award* " upon the application of any *party* to the *controversy* which was arbitrated ". (Italics supplied.) Section 1462-a authorizes the court to modify or correct the *award* similarly " upon the application of any party to the *controversy* which was arbitrated ". (Italics supplied.)

I am unable to see the application of these provisions to the instant application, which does not relate to an award, since none has yet been made for the arbitration has not yet been proceeded with, and the application is to stay the arbitration proceeding from going on. But even if an award had been made

I would find myself unable to concur in the construction given to these provisions in the *Busch* case (*supra*), as to the right of persons, situated as are the petitioners, to interfere.

Parties to an arbitration are those who have become so by virtue of contract and the submission of a controversy to decision by arbitration is perforce the agreement of the parties thereto to arbitrate (*Webster* v. *Van Allen, supra*).

The phrase "any *party* to the *controversy*" in sections 1462 and 1462-a, in my opinion, refers to one who is a *party to the arbitration agreement* and the "controversy" referred to, in my opinion, means the submission of the differences that may arise under specified acts or relations of the *parties to the contract* (*Webster* v. *Van Allen, supra*).

In *Matter of Spottswood* (*Santini Storage Corp.*), (N. Y. L. J., March 16, 1945, p. 1010, col. 5), a motion was made to confirm the award of the arbitrators, and opposition was interposed by a third party who was not a party to the arbitration agreement. It was held such third party had no standing therein.

The fear of the petitioners that the outcome of the arbitration proceeding may affect their opportunity to earn a livelihood with their present employer cannot suffice as a ground to give them a standing to make this application. An award is not binding upon one not a party to the submission (*Schafran & Finkel* v. *Lowenstein & Sons*, 280 N. Y. 164, 171; 5 C. J., Arbitration and Award, § 324). Whatever remedy the petitioners may have in the situation disclosed, it is not that sought by this application since, as stated, they are without any standing here.

Settle order.