Thomas A. Aurelio, J.
An application has been made, returnable October 17, 1955, for a stay of arbitration. That arbitration is proceeding between the International Longshoremen’s Association and the New York Shipping Association, It *264 involves an issue of seniority as between two groups of checkers, all of whom are I.L.A. members. The arbitration commenced in February, 1955, and hearings were concluded September 28, 1955. One of the two groups has made the application to stay arbitration and now moves for a temporary stay pending determination of the main motion, urging that doubt has arisen whether the motion to stay arbitration will effect a stay pursuant to section 1458 of the Civil Practice Act. Petitioner concedes that the merits of the main motion cannot be determined here, but he proceeds to argue the merits. The contention is that petitioner and his group know of no contract affecting the issue in arbitration and that such contract was never published to them, that they had no knowledge of the arbitration or of the hearings, and did not participate therein. They contend, also, that they are parties in interest and have a right under subdivision 2 of section 1458 of the Civil Practice Act to contest the making of the contract or submission. If petitioner and his group are such parties in interest with respect to any contract claimed by respondents to have been made by them as employers on the one hand, and the union as the collective bargaining agent on the other hand, and with respect to the controversy, then their claimed nonparticipation in the selection of the arbitrator or in the arbitration proceedings is sufficient protection both as to the main motion or any award which may issue. Petitioner makes no claim of desire to participate, but rather that the holding of any arbitration affecting them is wholly out of order. While such contentions may be raised on the return of the main motion, or could have awaited the issuance of an award, the granting of a stay now could well result in water-front disruption. There is no conceivable need for, or advantage to be gained by, a stay at this time, nor is the court called upon to render an advisory opinion to the arbitrator with respect thereto.
The motion is denied.