Marcus G. Christ, J.
This is a proceeding brought by the petitioner who was formerly employed by Canada Dry Ginger Ale, Inc., as a soft drink salesman, by which he is attempting to compel his former employer and Local 153 Office Employees International Union AFL-CIO to arbitrate an alleged issue of whether the employer had just and sufficient cause to discharge petitioner from its employ and if not, whether the petitioner should be reinstated in his former employment with full back pay.
*726 Briefly stated, the question to be decided on this application is whether the petitioner has the right to compel arbitration under a collective bargaining agreement to which his former employer and his union are the parties and signatories when neither the employer nor the union desires to submit to arbitration the issue which the petitioner claims should be arbitrated. The petitioner alleges that the respondent union is the duly authorized collective bargaining representative for the petitioner and other employees of the respondent employer working in similar job classifications as the petitioner. He alleges further that the respondents are parties to a collective bargaining agreement setting forth the rates of pay, hours of work and other terms and conditions of employment of employees, including the petitioner covered thereby. It is further alleged by the petitioner that such collective bargaining agreement contains provisions whereby controversies and disputes arising under that agreement are to be resolved by arbitration and in accordance with the procedure set forth in such provisions.
It is the claim of the petitioner that he was discharged from his employment on or about May 27, 1957 and that such discharge was wrongful and in violation of the collective bargaining agreement because allegedly there was no just and sufficient cause. Petitioner alleges that he requested his union to intercede with the employer on his behalf but that the employer refused to reinstate him. It is further alleged by the petitioner that he asked the union to invoke the arbitration provisions of the collective bargaining agreement and arbitrate the issue of whether the employer had just and sufficient cause to discharge him but that this request was “ arbitrarily and capriciously refused ” by the union. Finally, petitioner alleged that by refusing to permit the issue of his discharge to be arbitrated in accordance with the provisions of the collective bargaining agreement, both respondents are 1 ‘ collusively preventing petitioner from having his ‘ day in court ’ and are continuing to deprive him of the employment from which he was wrongfully dismissed ”.
There has been submitted in connection with this application a copy of the collective bargaining agreement dated April 3,1957. The collective bargaining agreement discloses on its face, and the petitioner admits, that he is not a party to the contract. The only parties to the agreement are the employer and the union. An examination of the agreement, both in its entirety and with special reference to the grievance and arbitration procedure, makes it clear that there was no intention on the part of the employer or the union to give individual members of the union the right to demand arbitration. A three-step grievance pro *727 cedure is provided for which can lead to arbitration but it is clear that the contending parties in arbitration are to be the employer on the one side and the union as the accredited representative of the individual union members on the other. The language used by the court in Bianculli v. Brooklyn Union Gas Co. (115 N. Y. S. 2d 715) is applicable to this case. There the court stated at pages 717-718:
“ The labor agreement is so well written and its pertinent language with respect to the right to challenge a discharge by the Company is so clear and unambiguous that there is no room for a construction contrary to the obvious and plain intent expressed by the parties themselves.
“ Under the above quoted provisions, the Union alone has the right to demand arbitration and there is no independent right of an employee within the bargaining unit either to compel the Union to institute arbitration proceedings, or to require the Company to submit to arbitration without regard to the Union.
‘ ‘ The philosophy of the Union in retaining control over disputes and of the Company in requiring the same is sound. A contrary procedure which would allow each individual employee to overrule and supersede the governing body of a Union would create a condition of disorder and instability which would be disastrous to labor as well as industry.’ ’
Although the petitioner has alleged in conclusory form that the union arbitrarily and capriciously refused to demand arbitration in his behalf and that both respondents are “ collusively ” preventing petitioner from arbitrating the rightfulness of his discharge, the facts presented on this application not only fall far short of supporting these allegations, but tend to prove quite the opposite. The fact appears to be that the union was satisfied that the employer had ample cause for discharging the petitioner and reasonably concluded that there Was no basis for demanding arbitration. Under the collective bargaining agreement it is the union which has the right to demand arbitration for alleged wrongful discharge of one of its members. Here, the union takes the position that in this case the discharge by the employer was justified and in so doing concurs in the position taken by the other party to the collective bargaining agreement. The motion to compel arbitration is therefore denied.
Settle order on notice.