David Kusnetz, J.
The Glidden Company, Durkee Famous Foods Division, as employer, entered into a collective bargaining agreement on March 13, 1956 with Local 852 of the General Warehousemen’s Union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, as representative of the employees of said Glidden Company, Durkee Famous Foods Division. While this agreement was in full force and effect, Local 852 served a notice of its intention to arbitrate certain questions, grievances or disputes “ arising out of and involving the interpretation and application of the specific terms of the agreement” in accordance with Article XX (2) thereof.
The employer then moved for an order staying the arbitration thus sought by Local 852, upon the ground that the alleged disputes sought to be arbitrated were not arbitrable under the provisions of the said collective bargaining agreement. Two employees of said employer, covered by the afore-mentioned agreement, individually and on behalf of all other plant employees, then moved to intervene and to become parties to the above proceedings. Thereupon, the employer moved by order to show cause, dated November 25, 1957, directing that the motion of *649 the prospective intervenors be heard at an earlier date and for the denial of said motion, and that the application made by it for an order staying arbitration be adjourned to 10 days after the service of the order, with notice of entry, to be entered on the motion of the respective intervenors. The last branch of this motion was adjourned by stipulation to December 20, 1957. Only the motion to intervene and the employer’s motion to advance the hearing date thereof and thereupon to deny intervention were heard and submitted on the merits.
On December 4,1957, the employer served upon the attorneys for Local 852 and the attorneys for the prospective intervenors a short affidavit of one of its attorneys, to which were annexed a copy of the collective bargaining agreement, a copy of a letter dated September 16,1957, from the employer to Local 852 notifying it of the termination of said agreement, pursuant to its terms, on November 30, 1957, and a copy of a letter dated September 12, 1957, from the attorneys for Local 852 to the executive director of the New York State Board of Mediation, notifying him of their client’s intention to arbitrate. Affidavits were then served in reply in order to demonstrate, as stated by one of the attorneys for the proposed intervenors, “ that they are conditionally necessary parties entitled to intervene in this proceeding and in the arbitration ”.
Thereafter the employer’s attorneys communicated to the court their objection to these reply affidavits upon the ground that they relate to the merits of the motion for a stay of arbitration and deal with the arbitrability of the issues set forth in the notice of intention to arbitrate and that, therefore, they are relevant only to the motion to stay arbitration which had been adjourned, as aforesaid, to December 20, 1957. While that is largely true, these reply affidavits also attempt to demonstrate the propriety of the proposed intervention. Accordingly, they have been received and read by the court solely in that connection.
The proposed intervenors rely upon subdivision 1 of section 193 and sections 193-b and 195 of the Civil Practice Act for statutory authority to intervene. The first of these sections defines indispensable and conditionally necessary parties; the second provides for intervention; and the third, for representation by “ one or more * * * for the benefit of all ”, when questions “ of a common or general interest of many persons [are presented] or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court ”.
*650 Each of the foregoing sections, hy its terms, is applicable to actions as distinguished from special proceedings. (Civ. Prac. Act, § 1459.) In special proceedings, generally, as provided by article 78 of the Civil Practice Act, intervention is authorized expressly by section 1298 of the Act. No such express authority is found in article 84 — the arbitration statute. Accordingly, if intervention be appropriate in arbitration proceedings, as indicated by the dictum in Donato v. American Locomotive Co. (283 App. Div. 410, 415-417, affd. without opinion 306 N. Y. 966), section 193-b of the Civil Practice Act — the general intervention statute — relied upon by the proposed intervenors must be applied in all its aspects.
Subdivision 1 of that section gives a person not a party the right of intervention (a) when the absolute “right to intervene ” is provided by statute; or (b) “ when the representation of the applicant’s interest by existing parties is or may be inadequate ”, and he is or may be bound by the judgment; or (c) where the applicant has an interest in real property, the title to which may be in any manner affected by the judgment, or in real property for the injury to which the complaint demands relief; or (d) when the applicant is so situated as to be adversely affected by a distribution or other disposition of the property in the custody of or subject to the control of or disposition by the court or an officer thereof. Subdivision 2 provides for intervention if the discretionary right to intervene is provided by statute and, also, as a means of facilitating the disposal of all issues in one action where the applicant’s “ claim or defense * * * have a question of law or fact in common ” with the main action. (See Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 218, 226-227.)
This court is of the opinion that, absent any right to intervene conferred by statute upon employee members of a labor organization who have property rights to be considered in arbitration proceedings between such labor organization and the employer, under a collective bargaining agreement between them, the employee members should not be permitted to intervene unless (1) they establish that the representation of their interest by their own collective bargaining agent “is or may be inadequate ”; or (2) they are so situated'That they may be ‘ ‘ adversely affected by a distribution or other disposition of property in the custody of, or subject to the control of or disposition by, the court or an officer thereof” (Civ. Prac. Act, § 193-b, subd. 1, pars, [b], [d]).
No such showing has been made or attempted in the instant case. The mere fact that the proposed intervenors are third- *651 party beneficiaries under the collective bargaining agreement, and direct beneficiaries of the property rights established thereunder and accruing from their employment, does not afford them the unrestricted right to intervene in and become parties to proceedings in which they are adequately represented by their collective bargaining agent which has not been neglectful of their interests and indeed has initiated the arbitration proceedings.
Upon the facts and circumstances established by this record the court can find no reason or basis for permitting the intervention here sought. The motion to intervene is, therefore, denied. ^
Submit order.