ADOLPHO SOTO et al., Respondents, *v.* LENSCRAFT OPTICAL CORP. (RAYEX), Respondent, and NATHAN GOLDMAN, as President of Local 122, National Jewelry Workers Union, AFL–CIO, Appellant.

First Department, December 9, 1958.

*Joseph A. Teperson* of counsel (*Murray A. Frank*, attorney), for appellant.

*Martin H. Schneider* of counsel (*Harry J. Halperin* with him on the brief; *Halperin Natanson Shivitz Scholer & Steingut*, attorneys), for Adolpho Soto and others, respondents.

VALENTE, J. This appeal is by a labor union from an order granting a motion by members of the union to vacate an arbitration award. In September, 1955 the employer, Lenscraft Optical Corp., entered into a collective bargaining agreement with the appellant (Local 122, National Jewelry Workers Union). Thereafter, in February, 1957, the employer complained that certain members (petitioners-respondents herein) of Local 122 were engaging in a slowdown. When the employer expressed its intention to discharge the offending employees, Local 122 demanded arbitration. In accordance with the collective agreement, the dispute was submitted to the New York State Board of Mediation. The petitioners employees were notified by letter of the place and date of the hearing and were advised they would be afforded an opportunity to appear and be heard in their defense.

On March 8, 1957, the date of the hearing, the employees appeared with their own attorney, who requested an adjournment as well as leave to represent the employees at the hearing. The hearing was adjourned to March 12, but on March 11 the

attorney was advised he could not represent the employees since Local 122 was their sole collective bargaining agent and the local's own counsel would conduct the hearing. Upon such ruling being made by the arbitrator, the attorney for the employees notified the arbitrator that the employees would not appear at the hearing. As a consequence, hearings were held without their presence and an award was ultimately rendered in favor of the employer allowing the discharge of the employees. The vacatur of that award, on motion by the employees, is the subject of this appeal.

At the threshold of our inquiry is the question of the rights of individual employees in arbitration proceedings conducted under a collective bargaining agreement. In *Donato* v. *American Locomotive Co.* (283 App. Div. 410, affd. 306 N. Y. 966) where an amended complaint—which sought in an action in equity to set aside an arbitration award under a collective agreement — was dismissed, the Appellate Division in a dictum summarized the present state of the law as to the rights of an individual employee under a conventional collective bargaining agreement, and concluded '' The law upon this subject is still in a state of flux.'' (P. 415.)

An examination of the cases discloses the following: (1) Where the collective agreement does not indicate any intention on the part of the employer or union to give individual members of the union the right to demand arbitration, the individual employee may not compel arbitration where the union has refused to do so. (*Matter of Brettner* [*Canada Dry Ginger Ale*], 9 Misc 2d 725; *Matter of Cox* [*R. H. Macy & Co.*], 14 Misc 2d 294; *Matter of Sholgen* [*Lipsett, Inc.*], 14 Misc 2d 296; *Matter of Bianculli* [*Brooklyn Union Gas Co.*], 14 Misc 2d 297; *United States* v. *Voges,* 124 F. Supp. 543 [U. S. Dist. Ct., E. D. N. Y., 1954]; *Matter of Wright* [*Ruppert*], 14 Misc 2d 290. See, also, *Rotnofsky* v. *Capitol Distributors Corp.,* 262 App. Div. 521.)

(2) The right of an employee to bring an action under the contract, where the union has refused to arbitrate, has also been denied. (*Ott* v. *Metropolitan Jockey Club,* 282 App. Div. 946, affd. 307 N. Y. 696.) However, in *Parker* v. *Borock* (286 App. Div. 851) a stay of an action brought by an employee for breach of contract of employment was denied because the papers did not show why the union did not want to proceed with arbitration. So, too, in *Matter of Wile Sons & Co.* (*Messinger*) (199 Misc. 654) on a motion to vacate a stay of an action brought by an employee who was no longer a member of the union, and could not get the union to demand arbitration, the court held

that if the employer persisted in having the dispute arbitrated it could do so despite the union's refusal to represent the employee. The court directed that the employer go to arbitration with the employee or the stay of the action would be vacated. In *Hudak* v. *Hornell Industries* (304 N. Y. 207) it was held that employees may sue as third-party beneficiaries under a collective agreement, where the agreement directly affected designated employees, without resorting to arbitration which the union had not demanded.

(3) Motions by employees to stay arbitrations between union and employer have been denied on the ground the employees are not parties to the contract to arbitrate. (*Matter of I. Miller & Sons* [*United Office & Professional Workers*], 195 Misc. 20; *Matter of Cuff* [*New York Shipping Assn.*], 14 Misc 2d 263.)

(4) On motion by employees in the Supreme Court, employees have been permitted to intervene in an arbitration proceeding between employer and union. (*Matter of Iroquois Beverage Corp.* [*International Union*], 14 Misc 2d 290.) In that case the employees claimed that the union would not represent the intervenors properly since the union was seeking to improve the rights of certain employees over the rights of the intervening ones. In *Matter of Weisler* (*Burns*) (303 N. Y. 657) the court dismissed an appeal by employees from an order denying them leave to intervene — as not finally determining the proceeding — on a motion to confirm an award. The union had obtained an award requiring the employer to discharge nonunion employees, and the proposed intervenors were such employees. So, too, in *Matter of General Warehousemen's Union* (*Glidden Co.*) (9 Misc 2d 648) intervention by employee members of a labor union was denied in a proceeding by an employer to stay an arbitration. But there the court noted that the union had not been neglectful of the interests of the employees and was adequately pressing the arbitration proceedings.

(5) Employees have been permitted to move to vacate or modify an award against the contention of the union that such employees were not parties to the arbitration. (*Busch Jewelry Co.* v. *United Retail Employees' Union*, 170 Misc. 482. See dictum in *Curtis* v. *New York World-Telegram Corp.*, 282 App. Div. 183, 185.)

See, also, Rights of Individual Workers in Union-Management Arbitration Proceedings (66 Yale L. J. 946; A. Cox, Rights Under a Labor Agreement, 69 Harv. L. Rev. 601; 32 N. Y. U. L. Rev. 1374–1375.)

From the decisions there appears to be a policy, based on most practical reasons, for permitting the union, as the bargain-

ing representative of the employees, to control the presentation and prosecution of grievances under a collective labor agreement. Such a rule allows the union to weigh the interests of the group as opposed to some individual claims, and to make decisions which will insure uniformity in the construction of the contract as well as equal treatment to all the employees. It also prevents harassment of the employer and increases the possibility of smooth, harmonious relationships between management and labor.

But while the individual employee may have no direct rights under a collective agreement, and the union has control over grievance procedures, there must be implied a duty of fair representation. Where collusion or unfair representation is shown, courts should permit the individual employee to take independent action. This should however be allowed only under extraordinary circumstances.

The case before us presents an unusual state of facts requiring a divergence from the general rule. It appears that although Local 122 was the bargaining representative of the employees, dissatisfaction had developed among some of its members with the manner in which labor relations were being conducted. Another union, Local 810 of the Teamsters Union sought to acquire some of the membership and eventually to be substituted for Local 122 as the bargaining unit. In fact, a strike was called as part of this interunion quarrel, which was enjoined by the courts. Following the injunction, the claimed slowdown took place which ultimately led to the discharge of petitioners.

Petitioners urged at Special Term that they did not participate in the arbitration because they were denied counsel of their own choice. On the other hand, Local 122 protested that the attorney who was to represent petitioners was the attorney for Local 810. Moreover, petitioners argued they could not have received proper representation by the attorney for Local 122 because of an alleged collusive relationship between Local 122 and the employer. To support that claim, petitioners adverted to the representation of the employer by the attorney for Local 122 in the proceeding in which picketing of the employer's premises was sought to be enjoined.

Subdivision 3 of section 1462 of the Civil Practice Act permits '' any party to the controversy which was arbitrated '' to move to vacate an award '' Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent or

material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced ''.

While not parties to the collective bargaining agreement, petitioners were directly, and the ones most vitally, affected by the controversy submitted for arbitration — since the arbitration involved the question of their discharge. Had they moved at Special Term to intervene in the arbitration proceeding under sections 191–193 of the Civil Practice Act, such an application undoubtedly would have received favorable consideration. (*Matter of Iroquois Beverage Corp.* [*International Union*], *supra.*) Whether petitioners be viewed in the nature of third-party beneficiaries of a contract or in the position of beneficiaries of a trust, in which the union as a trustee owes them a fiduciary obligation of fair representation (the label is not important), they had cognizable standing to seek a vacatur of the award.

Certainly a case was made by petitioners for permitting them to be represented by their own counsel in the arbitration hearings. Enough was shown to negative the possibility of fair representation of the interests of petitioners by Local 122. The denial of the right to independent representation, under the special circumstances of this case, vitiated the award rendered in the absence of the petitioners at the hearings, particularly since the evidence which they were seeking to adduce on the question of collusion went directly to the issues to be decided by the arbitrator. There was no invalid exercise of power and no abuse of discretion in vacating the award.

The order should be affirmed, with costs.

BREITEL, J. P., M. M. FRANK, MCNALLY and STEVENS, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the petitioners-respondents.