■ P.A. BUILDING COMPANY, Appellant, v CITY OF NEW YORK et al., Respondents. [629 NYS2d 240] —Order, Supreme Court, New York County (Walter Tolub, J.), entered March 2, 1995, which denied plaintiff's summary judgment motion and motion to sever its second cause of action and granted defendants' cross-motions dismissing the complaint and ordering plaintiff to submit to an audit, unanimously affirmed, with costs to defendant Kislak.

There was nothing in the lease agreement between plaintiff and defendant the City of New York ("City") which prevented the City from designating an agent (defendant Kislak) to conduct audits of certain lease expenses. Although plaintiff contends that the agreement between the City and defendant the Kislak Company ("Kislak") is illegal, on the grounds that certified public accountants may not charge a contingency fee (8 NYCRR 29.10 [a] [6]), plaintiff does not have standing to contest the contract, as there is no direct harm flowing from a governmental action and plaintiff is neither a party nor a third-party beneficiary of the contract (*see, Matter of Miller & Sons [United Off. & Professional Workers]*, 195 Misc 20, 23). Moreover, defendant Kislak has not held itself out as an independent certified public accountant herein and indeed has disclaimed independence as an agent of the City and adherence to generally accepted accounting principles in this engagement.

Plaintiff's refusal to submit to an audit by Kislak, which impaired the City's ability to protest overcharges, cancelled the City's obligation to make additional payments for "rent

escalations" (*see, Broad Props. v Wheels Inc.*, 43 AD2d 276, 278, *affd* 35 NY2d 821). Thus, the City did not breach its contract with plaintiff, and plaintiff must submit to an audit by the City's agent, Kislak.

Plaintiff's claim against defendant Kislak for tortious interference with its City contract was properly dismissed. Beyond plaintiff's conclusory allegations of tortious interference, there is no evidence that Kislak influenced the City in any way to withhold rent payments (*see, Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94). Concur—Sullivan, J. P., Rosenberger, Asch and Tom, JJ.