■ MICHELE BARTON et al., Respondents, v 270 ST. NICHOLAS AVENUE HOUSING DEVELOPMENT FUND CORPORATION et al., Appellants. [925 NYS2d 433]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered September 1, 2010, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants established their prima facie entitlement to judgment as a matter of law in this action. Defendant St. Nicholas is a housing development fund corporation formed in 1992 pursuant to Private Housing Finance Law § 573. Plaintiffs, tenants of the subject apartment building, sought to exercise a purported option to convert the premises into a cooperative corporation pursuant to paragraph 3 of defendant St. Nicholas' certificate of incorporation. However, defendants failed to authorize such conversion of the residential building, and, in 2008 plaintiffs commenced this action.

The certificate of incorporation is subject to the usual rules of contract interpretation (*see Kralik v 239 E. 79th St. Owners*

*Corp.*, 5 NY3d 54, 59 [2005]). The language of the certificate unambiguously "authorized" St. Nicholas to convey title of the building to a cooperative corporation (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]), but did not require such conversion. The court erred in considering extrinsic evidence to interpret the certificate of incorporation since the language of the document was unambiguous (*Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 60 AD3d 61 [2008], *affd* 13 NY3d 398 [2009]).

While plaintiffs are tenants of the premises, owned and managed by defendants, they have not shown that they have suffered an injury in fact by defendants' failure to authorize the conversion of the residential building pursuant to the certificate of incorporation. Defendants owed no duty or obligation to plaintiffs, other than that resulting from a typical landlord/tenant relationship. Therefore, in the absence of a contractual agreement between the parties or a duty or obligation by defendants to convert the building into a cooperative housing project, plaintiffs failed to establish injury and thus had no standing to sue (*see Suero v Fort I Group*, 305 AD2d 180 [2003], *lv denied* 1 NY3d 507 [2004]). Further, plaintiffs failed to establish standing as third-party beneficiaries to any agreements entered into with defendants (*see P.A. Bldg. Co. v City of New York*, 217 AD2d 417 [1995], *lv denied* 86 NY2d 708 [1995]). Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ. **[Prior Case History: 29 Misc 3d 1218(A), 2010 NY Slip Op 51865(U).]**