In the Matter of JULIUS WILE SONS & Co., INC., Petitioner. MILTON J. MESSINGER, Respondent.

Supreme Court, Special Term, New York County, March 1, 1951.

*Saul H. Nack* for respondent.

*Walter D. Wile* and *Bruce E. Grunden* for petitioner.

HOFSTADTER, J. In 1949 the petitioner obtained an order in this proceeding staying the prosecution by the respondent of a Municipal Court action instituted by him against the petitioner, pending arbitration of the dispute pursuant to a collective bargaining agreement between the petitioner and a labor union of

which the respondent was a member. At that time the respondent asserted that he was no longer a member of the union and doubted his ability to enlist the good offices of the union to conduct the arbitration on his behalf. In granting the stay of the action the court stated that if the respondent was unable to enforce arbitration through the union he might seek appropriate relief.

The respondent has recently requested the State Board of Mediation, the arbitrator named in the collective bargaining agreement, to schedule a hearing of the arbitration. The board has rejected this request because made by one " not a signatory to a collective bargaining agreement " and has suggested that the respondent request the union to institute arbitration proceedings on his behalf. Accordingly the respondent addressed himself to the union but has been rebuffed because he is no longer a member of the union. In this situation the respondent has now moved to vacate the stay heretofore granted so that he may proceed with his Municipal Court action. The petitioner counters that it should " not be compelled to arbitrate the dispute except in accordance with the terms of the agreement " and that the respondent's only recourse is to seek redress from the union.

I do not think that the respondent must be made the unwilling victim of this impasse. It is clear that he is entitled to have his claim against the petitioner, whatever its merit, heard and determined either by arbitration or by action. If the petitioner stands on its right to have the dispute arbitrated because the collective bargaining agreement so provides, that right may be accorded to the petitioner, despite the union's refusal to represent the respondent in the arbitration. So long as the dispute is submitted to arbitration the petitioner enjoys substantially all the collective bargaining agreement assured it. The union's unwillingness to act for the respondent cannot deprive him of the opportunity to have his claim adjudicated. When the situation is made clear to the State Board of Mediation it will presumably reconsider its position and the court will, if necessary, formally designate it to arbitrate the controversy. If, however, the board persists in its stand, then the parties may agree on another arbitrator and the court will appoint their nominee. In the event of the continued refusal of the State board to serve and of the inability of the parties to agree on an arbitrator, the court will appoint one. If the petitioner is unwilling to proceed to arbitration as herein indicated the stay will be vacated and the respondent will be permitted to proceed with the action. Settle order.