█ In the Matter of the Arbitration between SOPHIE A. CALKA, Appellant, and TOBIN PACKING CO., INC., et al., Respondents. SOPHIE A. CALKA, Plaintiff, v. TOBIN PACKING CO. et al., Defendants.— Appellant appeals from an order

of the Supreme Court, Albany County, Special Term which dismissed a petition to compel arbitration of a labor grievance. Petitioner had been employed by the defendant for some 20 years in its sausage department. In December, 1956 she took a year's maternity leave of absence under the terms of a collective bargaining agreement, which provided that both the union and company must be notified in writing at the end of six months as to whether or not an employee intends to return to work at the termination of a leave. Pursuant to an agreement, signed by petitioner and representatives of the union and management as well, her leave was to commence on December 3, 1956 and end on November 30, 1957, and she was to notify the company and the union on or before June 3, 1957 as to whether she intended to return to work at the expiration of her leave. She notified the company of her intent to return by letter dated June 12, 1957, nine days after the date fixed in the agreement. The employer refused to reinstate her on the ground that her notice was not timely. Under article II of the collective bargaining agreement relating to grievance procedure and arbitration four steps are provided. First, any differences arising between an employee and the employer shall first be considered by a union representative; Second, if the department representative and department supervisor fail to agree upon a decision agreeable to management and the employee a grievance shall be reduced to writing and then considered by the president of the union, the union representative in the employee's department, the employee, the department supervisor, the office manager, his assistant, including the personnel manager; Third, if a satisfactory solution is not reached under step two the grievance shall be submitted to a committee consisting of three members of the union, selected by the union and the committee of the company who shall negotiate a settlement of the dispute; Fourth, if the foregoing steps fail to resolve the grievance it will be submitted to arbitration. It is conceded that the grievance procedure outlined was followed through step three, and the grievance committee set up under step three approved the action of the company and recommended re-employment without seniority rights. This decision, in writing, read in part as follows: " The Grievance Committee, after a lengthy discussion resolved the following (signed statement on file): Regarding Sophie Calka: On your failure to notify both, Company and Union, of returning to work as specified in your signed agreement, we have no alternative, but to agree with the Company's decision. We sincerely hope that in view of the number of years, that Mrs. Calka has worked for the Company, that they will consider having her as a new employee at their earliest convenience." The decision and recommendation were agreeable to the company but not to petitioner. She wishes to compel arbitration before impartial arbitrators under the fourth step; and she has alleged in her petition bias against her on the part of the chairman of the union grievance committee, and also that she was not fairly or adequately represented in the processing of her dispute. The issue presented is whether under the collective bargaining agreement she can compel arbitration where there is no disagreement between the union and the company concerning the disposition of her complaint. We can find nowhere in the collective bargaining agreement any right given to petitioner, as an employee, to compel arbitration. In a collective bargaining agreement of the character presented here the employee is stripped of all representation rights in a grievance proceeding so far as arbitration between the union and management is concerned. This is a matter of elementary logic; otherwise there would be little purpose in having a collective bargaining agreement if every individual employee could compel management to arbitrate every grievance. If the union has inadequately or

unfairly represented petitioner she may have a remedy against the union (*Parker* v. *Borock,* 5 N Y 2d 156; *United States* v. *Voges,* 124 F. Supp. 543; *Matter of Brettner* [*Canada Dry Ginger Ale*], 9 Misc 2d 725; 69 Harv. L. Rev. 601; 66 Yale L. Rev. 946). *Donato* v. *American Locomotive Co.* (283 App. Div. 410) has been cited as an authority to the contrary. Although we do not agree that such case went as far as appellant contends nevertheless any dicta therein tending to sustain appellant's position is contrary to the *Borock* case (*supra*) and must be assumed to have been overruled thereby. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ. [12 Misc 2d 455.]