Louis B. Heller, J.
This is an application by a member of a union, Local 1199, Drug <& Hospital Employees Union, to vacate an arbitration award made in favor of the applicant’s employer against the union. The matter in controversy had been submitted to arbitration at the request of the employer pursuant to a collective bargaining agreement to which the union and the employer were the only parties. The controversy concerned the employer’s right to discharge the employee, the applicant herein, pursuant to the provisions of the collective bargaining agreement, ‘‘ because of the bona fide sale of [employer’s] drug store.” (Par. Eleventh-C.)
Upon the assumption that he is an aggrieved party under subdivision 3 of section 1462 of the Civil Practice Act, and therefore having the right to make the instant motion, the employee seeks a vacatur of the said award upon the ground that the arbitrator exceeded his powers (Civ. Prac. Act, § 1462, subd. 4). In opposing the application the employer asserts several grounds: Lack of status, waiver and estoppel. In the court’s view the principal issue raised herein relates to the employee’s right under the agreement as well as under the statute to institute the present proceeding to vacate the award. The employee’s right in turn would depend upon his status as a party to the controversy within the purview of section 1462 of the Civil Practice Act.
Under the terms of the collective bargaining agreement the union is recognized “ as the sole and exclusive representative of the employees.” (Par. Second.) The provision under which the controversy arose states that if the union should refuse to consent to the layoff of the employee, upon a bona fide sale of the drug store, the employer may submit the matter to arbitration (par. Eleventh-C). The employer and the union on behalf of “ all its members,” obligated themselves “ to live up to the provisions of this agreement.” (Par. First.) The decision of the arbitrator “ shall have the effect of a judgment entered upon an award ’ ’. (Par. Thirty-Eighth-E.)
The employer, who had only one employee, the applicant herein, entered into a contract for the sale of his drug store. The employer alleged that the buyer would not purchase the store if the buyer had to retain the services of the said employee. The purchaser wished to operate the business without any employee. The employer asked the union to consent to a discharge, under the circumstances, upon tendering the employee *812 all the benefits provided in such contingency by the bargaining agreement. The union refused. Upon the employer’s demand the controversy, pertaining to the existence of cause for the layoff, was arbitrated. In the request for arbitration the employee’s name was listed by the employer as an interested party to receive notice. The employee attended the hearing before the arbitrator. The arbitrator rendered his award on June 29,1962 finding just cause for the layoff. Under the agreement the employee was paid in July, 1962 for severance, vacation and sick pay, a total of $904. The union makes no claim of grievance nor has it moved to vacate the award.
The principal issue raised on this motion pertains to the employee’s right to initiate the instant application, i.e., his status as a “ party to the controversy which was arbitrated,” within the purview of the statute (Civ. Prac. Act, § 1462). By virtue of the fact that it is his job tenure which is at stake and which was the subject of the controversy, the employee claims third-party beneficiary status under the bargaining contract. The issue pertaining to the employee’s right to initiate this proceeding must be determined by the court before reaching the merits of the application itself.
Applicant’s claim of interest in the controversy is not challenged. It is generally accepted that the wage provisions of a bargaining agreement ‘ ‘ inure to the direct benefit of employees and may be the subject of a cause of action ’ ’. (Parker v. Borock, 5 N Y 2d 156,159; emphasis supplied.)
However, it has heretofore been distinctly held that such acknowledged, beneficial interest in the bargaining contract and likewise in the controversy submitted to arbitration does not clothe the employee with party status entitling him to initiate vacatur proceedings under section 1462 of the Civil Practice Act (Matter of Soto [Goldman], 7 N Y 2d 397). The statutory right created (to initiate a proceeding to vacate an arbitration award), is limited to the contracting parties who submitted the controversy for determination pursuant to the terms of the collective bargaining agreement (Matter of Soto, supra, p. 399). Accordingly, upon the occurrence of prejudice to the rights of a party to the contract and to the submission, a proceeding to vacate the award is then permitted to the ‘ ‘ party to the controversy which was arbitrated.” (Civ. Prac. Act, § 1462.)
Applicant has placed great reliance for his position herein upon the dicta appearing in Donato v. American Locomotive Co. (283 App. Div. 410, 415-416) and the holding in the case of Matter of Wile Sons & Co. [Messinger] (199 Misc. 654)._ By its decision in the Soto case the Court of Appeals has effectively *813 rejected both the dicta and the holding in the above-cited cases. The employee, lacking the status of a party to the bargaining agreement under which the submission was made, ‘1 may not avail [himself] of rights which under the Civil Practice Act are limited to parties ” (Matter of Soto, supra, p. 399). The court determined (p. 399): “ an exception to such limitation may not be created by judicial application of equitable principles ”.
Nor can it be seriously maintained that the bargaining agreement itself grants party status to the employee. The language of paragraph Thirty-Eighth of the agreement does not give the employee such status. It is simply descriptive of the scope of the types of disputes which may be the subject of the arbitration agreement. While disputes between employee and employer are stated to be proper subjects for arbitration, no language therein gives to the employee the right to arbitrate. Paragraph Second of the agreement recognizes the union “ as the sole and exclusive representative of the employees * * * in respect to rates of pay, wages, hours and other conditions of employment.”
Under the terms of the agreement of the type here before the court “ the employee is stripped of all representation rights in a grievance proceeding so far as arbitration between the union and management is concerned.” (Matter of Calka [Tobin Packing Co.], 9 A D 2d 820, 821.)
Applicant’s further argument herein is that his position as an interested party was recognized and acknowledged by the employer in the request for arbitration and by the notices of hearing from the New York State Board of Mediation. However, such fact does not give the employee party status, since it is not unusual in arbitration proceedings, where an employee’s job tenure is the subject of controversy, to afford the interested employee an opportunity to be heard, but without individual representation by an attorney (see Soto case, supra). Since the applicant is without status under the statute to make the instant motion, the court does not reach for determination the merits of the application or the asserted defenses. Motion denied.