■ NEW YORK CITY TRANSIT AUTHORITY, Appellant, v PHILBERT GORRICK, Respondent. [899 NYS2d 192]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 27, 2009, which, in an action seeking restitution of monies allegedly fraudulently obtained pursuant to an arbitration award in a disability discrimination action, inter alia, granted defendant's motion to stay the action and compel arbitration, unanimously reversed, on the law, without costs, the motion denied and the stay vacated.

The court erred in granting the motion to compel arbitration pursuant to a collective bargaining agreement between plaintiff, defendant's former employer, and defendant's former union, a nonparty to this action. The sole issue in this action is whether defendant's admittedly fraudulent misrepresentation of earnings in an affidavit executed for the express purpose of inducing

plaintiff to pay over $100,000 in back pay constitutes actionable fraud, an issue which does not require interpretation or application of the collective bargaining agreement (see *John Wiley & Sons, Inc. v Livingston*, 376 US 543, 547 [1964] [whether or not a party is bound to arbitrate and the issues that must be arbitrated is determined by the contract between the parties]).

Defendant, as an employee, also has no rights under the collective bargaining agreement, to which only his former employer and union are parties, to unilaterally bring the issue to arbitration (see *Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501, 508 [1987], cert denied 485 US 1034 [1988]; *Hickey v Hempstead Union Free School Dist.*, 36 AD3d 760, 761 [2007]; *Calka v Tobin Packing Co.*, 9 AD2d 820, 821 [1959]). Concur—Andrias, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.